■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARSHALL LEE BRAINARD, Appellant.—Appeal by defendant from a judgment of the County Court, Westchester County, rendered December 4, 1974, convicting him of arson in the third degree and criminal mischief in the fourth degree, upon a jury verdict, and imposing sentence. Judgment affirmed. This case is remitted to the County Court, Westchester County, for further proceedings pursuant to CPL 460.50 (subd 5). In its charge to the jury on the voluntariness of defendant's confession, the trial court twice cautioned that if the statement had been obtained by coercion, promise, trick or subterfuge, it could not be used against defendant. The court went on to say the following: "This is the defendant's protection and your protection, and though I do not assert that such were used in this case and I do not necessarily believe the defendant's assertion of improper police conduct, these are questions of fact for your decision." Though the court should not, even by indirection, have indicated its possible disbelief of defendant's allegation of improper police conduct, the charge, taken as a whole, cured any possible error, particularly

in light of the overwhelming proof of defendant's guilt. The court further charged: "A defendant's alleged confession can be given in evidence against him if the circumstances surrounding its giving by the People met constitutional requirements. The People have presented and I have admitted into evidence a signed statement claimed to have been made and signed by the defendant which they claim is a confession of the crime charged against him. Whether it is or not is for you as the judges of the facts to determine. *I have determined that it meets constitutional requirements and have permitted it to be brought before you,* but it is for you to evaluate it and decide what effect it is to have on your final verdict in the case" (emphasis supplied). The disclosure to the jury of the Trial Judge's decision at the *Huntley* hearing (see *People v Huntley,* 15 NY2d 72) was improper and ordinarily would give rise to a finding of prejudice (see *People v Cornell,* 28 AD2d 1166; *People v Hulett,* 28 AD2d 624, affd 22 NY2d 696, cert den 393 US 1097; *People v Pratt,* 27 AD2d 199). However, here, the evidence of guilt was overwhelming and the strong case against defendant makes it clear beyond a reasonable doubt that the error was not prejudicial (see *People v Crimmins,* 36 NY2d 230). We have considered the other arguments raised by defendant and find them to be without merit. Rabin, Acting P. J., Shapiro, Titone and O'Connor, JJ., concur.