■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ALICE TAYLOR, Respondent. Memorandum: Codefendants, who were charged in a nine-count indictment with, among other offenses, criminal possession of a controlled substance (LSD) in the third, fourth and seventh degrees, moved to suppress the evidence seized at their residence in Webster, New York, on the ground that the search warrant was invalid. Following a suppression hearing, the court granted defendants' motion on the grounds that the search warrant application, if viewed as a written application, fails under *Aguilar-Spinelli* analysis *(Aguilar v Texas,* 378 US 108; *Spinelli v United States,* 393 US 410) because the reliability of the informants was not established, and if viewed as an oral application, fails under CPL 690.36, because the issuing Magistrate did not transcribe the testimony of the informants and file the transcript or notes within 24 hours of issuing the warrant.

The court erred in invalidating the search warrant. The issue before the suppression court was whether the warrant was issued upon probable cause, supported by oath or affirmation (US Const 4th Amend; NY Const, art I, § 12; *see, People v Brown,* 40 NY2d 183). *Aguilar-Spinelli* analysis, which applies when the warrant application is based on hearsay, and the police are vouching for the reliability of an informant known to the police but not to the Magistrate *(People v Brown, supra,* at 187), does not apply here, because the issuing Magistrate properly relied on the oral sworn testimony of the two informants, which was sufficient to establish probable cause *(see, People v Sullivan,* 56 NY2d 378, 384; *People v Bartolomeo,* 53 NY2d 225, 233-234; *People v Hicks,* 38 NY2d 90, 93-95). This was not an oral search warrant application; it was a written application supported by oral testimony and thus CPL 690.36 is inapplicable.

Defendants argued noncompliance with CPL 690.40 (1) before the suppression court as an additional ground for invalidating the search warrant. The court did not reach that issue. Invalidation is not required on that ground because the purpose of the statute, to preserve "the bases upon which search warrants are issued so that the grounds for such action may be reviewed at a later time" *(People v Peterson,* 47 AD2d 431, 434), was met here, and failure to comply literally with the statute may be excused. (Appeal from order of Monroe County

Court, Celli, J.—suppress evidence.) Present—Denman, J. P., Green, Pine, Balio and Davis, JJ.