■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES McGRIFF, Appellant.—Judgment reversed on the law, defendant's motion to suppress granted, and matter remitted to Supreme Court, Erie County, for further proceedings on the indictment. All concur, Dillon, P. J., not participating. Memorandum: On appeal from a judgment convicting him of criminal possession of a controlled substance in the third degree, defendant claims that the court erred in denying his motion to

suppress evidence seized from his automobile while police were attempting to execute a search warrant. Defendant contends that the warrant was invalid because the issuing Magistrate failed to preserve a record of the in camera testimony furnished by an informant and that execution of the warrant at defendant's place of employment and search of defendant's car were outside the scope of the warrant.

Although defendant's brief on appeal urges us to hold the warrant invalid because it does not comply with the procedures governing oral applications for search warrants (CPL 690.36), the warrant was not obtained by means of oral application but rather by a written application supported by oral testimony, a procedure governed by CPL 690.40. That section, relied upon by defendant in the suppression court, provides that the court, in determining an application for a search warrant, may examine an informant under oath but "such examination must be either recorded or summarized on the record by the court." (CPL 690.40 [1].) The courts have held that substantial compliance with that provision is all that is required *(People v Brown,* 40 NY2d 183, 185-186), and we have recently held that the warrant is valid so long as the purpose of the statute is met *(People v Taylor,* 140 AD2d 964). That statutory purpose is "to preserve 'the bases upon which search warrants are issued so that the grounds for such action may be reviewed at a later time' " *(People v Taylor, supra,* at 964).

In the papers supporting his motion to suppress, defense counsel complained that, although the warrant application recited that a record of an informant's testimony had been made and recorded, he had not been furnished with a transcript and could not determine whether the informant's reliability had been shown. He requested that he be furnished with a redacted copy so that he could evaluate whether the testimony established probable cause. At oral argument on the motion, the prosecutor revealed that there was not a verbatim record of the informant's testimony but that the issuing Magistrate had made handwritten notes which he had given to the police officers and which could not be found at that time. The prosecutor later informed the court by letter that the "minutes" of the informant's testimony were being forwarded. In its decision denying defendant's motion, the court recited that it had reviewed the transcribed notes of the issuing Magistrate, that defendant was not entitled to review them, and without making specific findings, denied the motion.

Although the purported minutes of the informant's in camera testimony were not included in the record, the People have provided this court with a document which they represent to be the document reviewed by the suppression court. The document is a photocopy containing a large blank space from which, presumably, the name of the informant had been redacted. The notes paraphrase the substance of testimony which, if believed, would constitute probable cause to believe that defendant was dealing in drugs. However, the document bears no letterhead, signature, certification or anything which would authenticate it as having been made by the issuing Magistrate. Further, there is no exhibit stamp or anything to show that it is the document reviewed by the suppression court. For all practical purposes, no record of the informant's testimony has been preserved for independent review either by the suppression court or by this court and neither the purpose nor the requirements of CPL 690.40 (1) has been met. (Appeal from judgment of Supreme Court, Erie County, Marshall, J.—criminal possession of controlled substance, second degree.) Present—Dillon, P. J., Callahan, Denman, Pine and Lawton, JJ.