■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD G. SEAGER, Appellant.—Judgment, unanimously affirmed. Memorandum: On appeal from a conviction for crimi-

nal possession of a controlled substance in the first degree, defendant contends that the court should have suppressed cocaine seized from him pursuant to a warrant; that the court erred in denying defendant's pretrial request for disclosure of certain tape recordings; that the verdict was not supported by sufficient evidence and was against the weight of the evidence; that the court erred in quashing the subpoena served upon the prosecutor; that the court erred in instructing the jury that Investigator Townsend was an expert witness; that Townsend's reference to "crack" denied defendant a fair trial; and that the sentence of 17 years to life is harsh and excessive.

In challenging the denial of his motion to suppress, defendant contends that the Magistrate erred in listening to the tapes of the phone conversations between the informant and defendant; that the warrant application contained perjurious information; and that the reliability of informant was not sufficiently demonstrated. None of those claims has merit and suppression was properly denied. Defendant cites no authority precluding the court from reviewing tape recordings or other proof of criminal activity to bolster a warrant application which, by itself, establishes probable cause *(cf., People v Tambe,* 71 NY2d 492, 498). Defendant's contention that listening to the tapes violated CPL 690.35 because the tapes were not in writing or sworn to by a public servant confuses material submitted in support of the warrant application with the warrant application itself, which in this case was written and sworn to by Investigator Townsend. With respect to defendant's contention that Townsend's affidavit contained perjurious information, defendant did not specifically challenge the warrant on that ground and, in any event, did not sustain his burden of proving that the challenged statements were knowingly false or made in reckless disregard of the truth *(see, People v Tambe, supra,* at 504-505; *Franks v Delaware,* 438 US 154, 171). Moreover, the warrant application was sufficient to demonstrate the informant's reliability. The informant had given accurate information in the past and, since he was under indictment, was obviously motivated to give reliable information to police. Finally, the reliability of the informant was confirmed by police observation of his meeting with defendant and by monitoring their phone conversations *(see, People v Johnson,* 66 NY2d 398, 402-403; *People v Rodriguez,* 52 NY2d 483, 489-490).

We reject defendant's contention that he was entitled to pretrial disclosure of the tape recordings because they were discovery material, *Brady* material, a part of the warrant

application, or *Darden* material. The tapes were not discoverable because they were made in the course of the criminal transaction and because the prosecutor did not intend to introduce them at trial (CPL 240.20 [1] [a], [g]). Disclosure of the tapes was not essential to inform defendant of the identity of the informant since defendant knew his identity from the outset. The People were not obligated to turn over the tapes to provide defendant with sufficient information to allow him to challenge the warrant since defendant has no absolute right to the affidavits or testimony of the confidential informant *(see, People v Delgado,* 134 AD2d 951, *lv denied* 71 NY2d 895). All that is required is that a sufficient record be preserved to allow independent review of the basis for issuance of the warrant *(People v Taylor,* 140 AD2d 964, *lv granted* 72 NY2d 925; *People v Delgado, supra).* Finally, defendant's *Brady* claim lacks merit because there is nothing exculpatory in the tapes. Even if the tapes constituted *Brady* material, they were turned over to defendant in time for use in his defense *(see, People v Cortijo,* 70 NY2d 868, 870).

The verdict was supported by sufficient evidence and was not against the weight of the evidence. The prosecution sustained its burden of showing that defendant knowingly and unlawfully possessed four or more ounces of cocaine, and the jury was free to reject defendant's entrapment defense.

Defendant was not prejudiced by the court's order quashing the subpoena served upon the prosecutor. Defendant was permitted to call another Assistant District Attorney to establish those facts which he sought to present through the prosecutor's testimony. Although perhaps technically erroneous, reversal is not required as a result of the court's instruction that Investigator Townsend was an expert or as a result of Townsend's innocuous and passing reference to "crack". Finally, the court did not abuse its discretion in sentencing defendant to slightly more than the minimum permissible sentence. (Appeal from judgment of Oneida County Court, Bergin, J.—criminal possession of controlled substance, first degree.) Present—Dillon, P. J., Callahan, Denman, Pine and Lawton, JJ.