■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARMEN E. MILLER, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant pleaded guilty to criminal possession of marihuana in the first degree. On appeal, defendant contends that he was denied effective assistance of counsel because of a conflict of interest. The conduct of the defense was not affected by a conflict of interest created by defense counsel's concurrent representation of a prosecution witness on an unrelated civil matter *(see, People v Ortiz,* 76 NY2d 652; *People v Wandell,* 75 NY2d 951; *People v Alicea,* 61 NY2d 23). The record discloses that, prior to the commencement of the hearing, the prosecutor and defense counsel advised the court of the conflict. Thereafter, the court engaged defendant in a *Gomberg* inquiry *(see, People v Gomberg,* 38 NY2d 307), advised defendant of the potential risks and asked whether

defendant wanted different counsel. Because we conclude that defendant was fully apprised of the conflict and knowingly chose to have defense counsel continue to represent him, he was not denied effective assistance of counsel *(cf., People v Wandell, supra,* at 952).

The record supports the suppression court's finding that defendant failed to demonstrate at the *Alfinito* hearing *(see, People v Alfinito,* 16 NY2d 181) that the warrant application was knowingly false or made in reckless disregard of the truth *(see, People v Tambe,* 71 NY2d 492, 504). Although the court's unrecorded inquiry of the applicant in support of the search warrant did not literally comply with CPL 690.40 (1), we nonetheless uphold the warrant. Here, the court limited its consideration to the warrant application itself as amended by the applicant following the court's unrecorded inquiry. Thus, the grounds upon which the warrant was issued have been preserved for appellate review. Inasmuch as neither legislative purpose identified by the court in *People v Taylor* (73 NY2d 683, 689) was compromised by the warrant application process here, we conclude that substantial compliance with the statutory directive was sufficient *(cf., People v Stewart,* 159 AD2d 971; *People v McGriff,* 142 AD2d 934).

We reject defendant's contention that the search warrant was not supported by probable cause *(see, People v Bigelow,* 66 NY2d 417, 423). The warrantless observations of the applicant made during an aerial survey of defendant's rural property were not unlawful *(see, People v Reynolds,* 71 NY2d 552, 557). Because the warrant application was based entirely on those observations, the rule recently enunciated in *People v Scott* (79 NY2d 474) does not apply. In any event, it is clear from the record that defendant's property was not fenced or signed nor was any other method used to "indicate unmistakably that entry is not permitted" *(People v Scott, supra,* at 491).

We have examined defendant's remaining contention and find it to be without merit. (Appeal from Judgment of Steuben County Court, Purple, Jr., J.—Criminal Possession Marihuana, 1st Degree.) Present—Denman, P. J., Boomer, Lawton, Fallon and Doerr, JJ.