■ The People of the State of New York, Respondent, v Robert L. Farmer, Appellant. [604 NYS2d 391] —Judgment unanimously affirmed. Memorandum: Defendant was convicted, following a jury trial, of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]), arising out of the seizure of cocaine found on defendant's person and at his apartment during the execution of a no-knock search warrant. The search warrant was obtained on an oral application based upon a controlled buy arranged by the police earlier that evening. We reject defendant's argu-

ment that, at the time the oral application was made, the issuing Judge failed to identify the informant properly *(see,* CPL 690.36 [2])*.* The oaths of the applicant and the informant were recorded on the tape. We conclude that there was substantial compliance with the requirements of CPL 690.36 (2) *(see, People v Taylor,* 73 NY2d 683).

The search warrant permitted the search of defendant's apartment for "the narcotic drug cocaine". When the police raided the apartment, they seized a quantity of cocaine hidden in a couch and a small quantity of cocaine that was found in defendant's pocket. In addition, the police seized a quantity of currency that they observed in an open drawer; two of the bills were identified as marked bills that had been provided earlier to the informant. The court denied defendant's motion to suppress the "buy money" and permitted it to be admitted into evidence at trial under the "plain view" doctrine.

County Court erred in permitting the "buy money" to be received in evidence. The search warrant authorized a search solely for "the narcotic drug cocaine". Thus, the "buy money" was outside the scope of the warrant, and its seizure was not authorized by the warrant *(see, People v Baker,* 23 NY2d 307, 319). The "plain view" doctrine does not apply in the circumstances of this case. It cannot be said that discovery of the "buy money" was inadvertent because the police, who had arranged for the controlled buy earlier that same evening, knew that the "buy money" would be at the premises and could have included the money in the warrant request *(see, People v McCullars,* 174 AD2d 118, 122, *appeal dismissed* 80 NY2d 800). The money acquired its status as contraband because of the officers' prior knowledge of the marked bills used in the controlled buy. Furthermore, the police could have easily obtained a second warrant with little or no danger that the money would have been removed in their absence *(see, People v Baker, supra,* at 320; *People v McCullars, supra).* The error was harmless, however, because the "buy money" was only probative of defendant's intent to sell the cocaine and there was abundant evidence of defendant's intent to sell from other sources *(see, People v Crimmins,* 36 NY2d 230).

We agree with defendant that the court erred in instructing the jury that the police entry into the premises was lawful. The court should not have commented on the lawfulness of the police conduct *(see, People v Brainard,* 56 AD2d 633; *People v Cornell,* 28 AD2d 1166). Defendant concedes, however, that the legality of the police entry was not at issue

before the jury. Moreover, the evidence of defendant's guilt was overwhelming and the error was harmless *(see, People v Crimmins, supra; People v Brainard, supra)*.

We have reviewed the other issues raised on appeal and conclude that they have no merit. The court did not abuse its discretion in denying defendant's request for an adjournment to seek expert testimony about the effects of a prescription drug on the testimony of a prosecution witness. The admissibility of expert testimony is addressed to the sound discretion of the trial court *(People v Cronin,* 60 NY2d 430, 433). Defendant was not deprived of his right to a fair trial by the court's refusal to permit him to listen to the tape recording of the controlled buy at a meaningful time before trial. The tape was not discoverable before trial because it was made in the course of the criminal transaction and because the prosecutor did not intend to introduce it at trial *(see,* CPL 240.20 [1] [a], [g]; *People v Seager,* 147 AD2d 932, 933-934, *lv denied* 74 NY2d 668). Once the prosecutor announced that he intended to use the tape at trial, the tape was properly provided to defendant *(see,* CPL 240.20 [1] [g]). (Appeal from Judgment of Steuben County Court, Purple, Jr., J.—Criminal Possession Controlled Substance, 3rd Degree.) Present—Callahan, J. P., Balio, Lawton, Boomer and Boehm, JJ.