■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

GENER GONZALEZ, Appellant. [616 NYS2d 955] —Judgment, Supreme Court, New York County (Richard Andrias, J.), rendered July 29, 1992, convicting defendant, after a non-jury trial, of criminal sale and possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to concurrent terms of 6 to 12 years, unanimously affirmed.

Viewing the evidence in the light most favorable to the People and giving them the benefit of every reasonable inference *(People v Malizia,* 62 NY2d 755, *cert denied* 469 US 932), defendant's guilt was proven beyond a reasonable doubt by legally sufficient evidence that he possessed and sold heroin. Moreover, upon an independent review of the facts, we find that the verdict was not against the weight of the evidence *(see, People v Bleakley,* 69 NY2d 490). The issues raised by defendant concerning discrepancies in the testimony of the police officers were properly placed before the finder of fact and we find no reason on the record before us to disturb the court's determination.

Defendant's *pro se* CPL 330.30 motion to set aside the verdict upon the ground that he was denied his fundamental right to be personally present at all material stages of the trial *(People v Ciaccio,* 47 NY2d 431) was properly denied without a hearing since it appeared on the face of the record that no conference was held outside defendant's presence. Furthermore, defendant has waived any argument that the court erroneously refused to permit him to call a witness since his trial counsel abandoned that application after speaking with the potential witness.

Defendant has failed to preserve his argument that the court erroneously accepted his jury waiver (CPL 470.05 [2]). In any case, the record establishes that the court properly determined that defendant's waiver was knowing and voluntary. Defendant's argument that the Trial Judge erred in failing to *sua sponte* recuse himself, based upon the fact that he presided at the pretrial hearing, is unpreserved and meritless (CPL 470.05 [2]). Finally, we perceive no abuse of discretion in the sentence imposed in this case. Concur—Sullivan, J. P., Carro, Ellerin, Kupferman and Asch, JJ.