■ The People of the State of New York, Respondent, v Eddie Vasquez, Also Known as Edith Vasquez, Appellant. [662 NYS2d 256] —Judgment, Supreme Court, New York County (Leslie Crocker Snyder, J.), rendered June 30, 1989, convicting defendant, upon his guilty plea, of criminal sale of a controlled substance in the second degree and criminal possession of a weapon in the third degree, and sentencing him to consecutive sentences of 7 years to life and 2 to 6 years, respectively, unanimously affirmed.

Since defendant never requested a hearing in order to present additional evidence on his motion to withdraw his guilty plea, his claim of error regarding the absence of such a hearing is unpreserved (*see, People v Negron*, 222 AD2d 327, *lv denied* 88 NY2d 882), and we decline to review it in the interest of justice. In any event, the court properly denied the motion, after sufficient inquiry, since the plea was knowing, voluntary and intelligent, notwithstanding defendant's conclusory claims of innocence and coercion, and since defendant declined the opportunity to elaborate on his claims (*see, People v Fiumefreddo*, 82 NY2d 536; *People v Frederick*, 45 NY2d 520).

The guilty plea waived any claim regarding the issuing court's failure to recuse itself upon defendant's motion to controvert the warrants and, in any event, his failure to request recusal renders his claim unpreserved for review (*see, People v Gonzalez*, 207 AD2d 734, *lv denied* 84 NY2d 1011; *People v Morales*, 189 AD2d 700, *lv denied* 81 NY2d 889). Moreover, defendant's claim that the issuing court lacked neutrality in issuing the search warrants and also determining the motion to controvert the same warrants is unsubstantiated by the record and without merit (*see, People v McCann*, 85 NY2d 951; *People v Tambe*, 71 NY2d 492; *People v Castillo*, 80 NY2d 578, 584, *cert denied* 507 US 1033). The warrant applications were supported by affidavits and/or testimony by a police officer, and

the issuing court properly summarized all communications with that officer (*see,* CPL 690.40 [1]; *People v Valdez-Rodrigues,* 235 AD2d 627, *lv denied* 89 NY2d 1041; *People v McGourty,* 188 AD2d 679, *lv denied* 81 NY2d 843; *People v Miller,* 187 AD2d 930).

Finally, the warrants in question were amply supported by probable cause (*see, People v Bigelow,* 66 NY2d 417, 424; *see also, Velardi v Walsh,* 40 F3d 569, 575; *United States v Harris,* 903 F2d 770, 773; *United States v Casso,* 843 F Supp 829). Concur—Ellerin, J. P., Williams, Mazzarelli, Andrias and Colabella, JJ.