■ In the Matter of FREDDIE FRANKLIN, Appellant, v NINA KELLER, Respondent. [678 NYS2d 330] —Judgment, Supreme Court, New York County (Walter Schackman, J.), entered August 8, 1996, which denied petitioner's application to compel respondent Assistant District Attorney to disclose certain documents under the Freedom of Information Law, unanimously affirmed, without costs.

Assuming arguendo that petitioner is entitled to documents containing statements given to the police by the complaining witness against him in his criminal trial, he is not, absent a showing that such documents are no longer available to him, entitled to material that was previously provided to his attorney(s) (compare, Matter of Huston v Turkel, 236 AD2d 283, lv denied 90 NY2d 809, with Matter of Swinton v Record Access Officers for City of N. Y. Police Dept., 198 AD2d 165, and Matter of Scarola v Morgenthau, 246 AD2d 417). Concur—Ellerin, J. P., Williams, Mazzarelli and Andrias, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MIKAL SMITH, Appellant. [678 NYS2d 496] —Judgment, Supreme Court, New York County (Harold Rothwax, J.), rendered May 25, 1994, convicting defendant, upon his plea of guilty, of manslaughter in the first degree, and sentencing him to a term of 6 to 18 years, unanimously affirmed.

The court properly denied defendant's motion to withdraw his guilty plea since the record established that the plea was knowing, voluntary and intelligent and since defendant, after being afforded the opportunity to orally present his claims, failed to support his claims of coercion with anything other than conclusory allegations (see, People v Frederick, 45 NY2d 520; People v Vasquez, 242 AD2d 452). We also find that there was no reason to appoint new counsel (People v Senghor, 248 AD2d 299). We have considered defendant's remaining contentions and find them to be without merit. Concur—Ellerin, J. P., Williams, Mazzarelli and Andrias, JJ.