■ The People of the State of New York, Respondent, v Marcus A. Davis, Appellant. [701 NYS2d 130] —Spain, J. Appeal from a judgment of the County Court of Columbia County (Czajka, J.), rendered April 8, 1998, upon a verdict convicting defendant of the crimes of criminal sale of a controlled substance in the third degree (six counts) and criminal possession of a controlled substance in the seventh degree (six counts).

Following a jury trial, defendant was convicted of six counts of criminal sale of a controlled substance in the third degree, a class B felony, and six misdemeanor counts of criminal possession of a controlled substance in the seventh degree. County Court sentenced defendant to concurrent indeterminate prison terms of 8⅓ to 25 years on five of the felony convictions (counts 1, 3, 5, 9 and 11) and to concurrent definite one-year jail terms

on five of the misdemeanor convictions (counts 2, 4, 6, 10 and 12), all to run consecutive to an $8^1/_3$ to 25-year term imposed on the remaining felony conviction (count 7). The one-year jail term for count 8—which involved defendant's misdemeanor possession with intent to sell the same drugs for which he was convicted of selling under count 7—is to run concurrently to the sentence imposed under count 7. On defendant's appeal, his sole contention is that the sentence imposed was unduly harsh and excessive.

A review of the presentence report reveals that at the time of the crimes for which defendant stands convicted he was 18 years old and had completed an eighth grade education. He was previously involved in a drug treatment program which he reentered upon this incarceration. We have also considered, as did County Court, that at that time defendant was involved in a work release program in connection with a prior conviction upon a guilty plea for criminal sale of a controlled substance for which he had been adjudicated a youthful offender. We agree with County Court that the circumstances of these crimes involving six sales of narcotics on four different days during one month warranted a significant and lengthy sentence. However, considering all of the foregoing factors, we cannot agree that the defendant's conduct warranted an aggregate sentence of $16^2/_3$ years to 50 years of imprisonment.

While the imposition of the harshest consecutive sentence on count 7 in relation to the remaining sale counts was legally authorized since these sales occurred on different days, i.e., they involved separate acts (*see*, Penal Law §§ 70.25, 70.00 [2], [3]; *see also, People v Brown*, 80 NY2d 361, 364-365), we believe that the resulting aggregate sentence—a minimum of $16^2/_3$ years and a maximum potential of 50 years* —was unduly severe in view of defendant's age, the nature of these crimes, his isolated prior conviction which did not represent an extensive criminal history, and the complete lack of any violent criminal history (*see, People v Farrar*, 52 NY2d 302). While County Court properly took into consideration, *inter alia*, the fact that defendant had failed to learn from the opportunity presented to him by the youthful offender adjudication afforded for the prior crime he committed at age 16, we cannot agree that this or any other factor in defendant's background warranted this excessive aggregate minimum sentence. Accordingly, the $8^1/_3$ to 25-year sentence imposed on count 7 of the indictment is mod-

---

* We note that defendant's actual confinement would have been limited to 30 years by operation of law (*see*, Penal Law § 70.30 [1] [e]; *see also, People v Moore*, 61 NY2d 575).

ified, in the interest of justice, to run concurrently—rather than consecutively—with the sentences imposed on the remaining counts, and the terms of imprisonment imposed are otherwise affirmed (*see*, CPL 470.15 [6] [b]; 470.20 [6]; *see also*, *People v Delgado*, 80 NY2d 780, 783).

Mikoll, J. P., Crew III, Carpinello and Mugglin, JJ., concur. Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by directing that the sentence imposed for defendant's conviction under count 7 of the indictment for criminal sale of a controlled substance in the third degree be served concurrently with the remaining sentences, and, as so modified, affirmed.