■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JESSE R. PERRY, Appellant. [894 NYS2d 231]—

Peters, J.P. Appeal from a judgment of the Supreme Court (Coccoma, J.), rendered April 7, 2008 in Otsego County, upon a verdict convicting defendant of the crime of criminal sale of a controlled substance in the third degree (two counts).

Defendant was indicted on two counts of criminal sale of a controlled substance in the third degree stemming from two controlled buys of crack cocaine by an undercover officer at defendant's home. Following a jury trial, defendant was convicted as charged and sentenced to consecutive prison terms of five years on each count. He now appeals.

We reject defendant's contention that the People violated CPL 240.20 by failing to disclose a recorded telephone conversation between defendant and the undercover officer that took place just prior to the second controlled buy, during which the two arranged the sale.* As relevant here, CPL 240.20 requires the People to disclose, upon a defendant's demand, "[a]ny written, recorded or oral statement of the defendant . . . made, *other than in the course of the criminal transaction,* to a public servant engaged in law enforcement activity" (CPL 240.20 [1] [a] [emphasis added]) and "[a]ny tapes or other electronic recordings which the prosecutor intends to introduce at trial, irrespective of whether such recording was made during the course of the criminal transaction" (CPL 240.20 [1] [g]). As the recorded conversation was made in the course of the criminal transaction and the People did not intend to introduce it at trial, the People did not violate their disclosure obligations by failing to turn over the recording prior to trial (*see* CPL 240.20 [1] [a], [g]; *People v McCaskell*, 217 AD2d 527, 528 [1995], *lv denied* 87 NY2d 848 [1995]; *People v Seager*, 147 AD2d 932, 933-934 [1989], *lv denied* 74 NY2d 668 [1989]; *People v Wells*, 133 AD2d 385, 386 [1987], *lv denied* 70 NY2d 939 [1987]; *compare People v Fields*, 258 AD2d 809, 809-810 [1999]).

Nor are we persuaded that the People improperly presented

* There is no allegation that the recording was *Brady* or *Rosario* material.

evidence of an uncharged crime in contravention of Supreme Court's pretrial order. During the undercover officer's testimony regarding the second controlled buy, he mentioned that defendant took out a "pill bottle" that contained a baggie of white powdery substance and "pills." This sole generic reference to "pills" did not amount to an improper comment on an uncharged crime. As such, Supreme Court did not err in denying defendant's motion for a mistrial on that basis. To the extent that defendant now bases his argument on certain other testimony by the undercover officer, this issue is not preserved for our review because no objection was raised to that testimony (*see* CPL 470.05 [2]; *People v Smith*, 309 AD2d 1081, 1081 [2003]).

Finally, the five-year sentence imposed on each of defendant's convictions fell within the statutory parameters (*see* Penal Law § 70.70 [2] [a] [i]) and the imposition of consecutive sentences was legally authorized since the sales occurred on different days and, therefore, constituted separate acts (*see People v Holmes*, 304 AD2d 1043, 1045 [2003], *lv denied* 100 NY2d 642 [2003]; *People v Davis*, 267 AD2d 597, 598 [1999]; *see generally People v Brown*, 80 NY2d 361, 363-364 [1992]). Nevertheless, under the circumstances of this case, we exercise our broad plenary authority to modify the sentence in the interest of justice (*see* CPL 470.15 [6] [b]; *People v Delgado*, 80 NY2d 780, 783 [1992]; *People v Harris*, 288 AD2d 610, 619 [2001], *affd* 99 NY2d 202 [2002]). We note that, prior to trial, the People offered defendant a sentence of two years in prison in satisfaction of the indictment in exchange for a guilty plea. The possibility of a plea was again broached at the conclusion of the People's case. At that time the People stated that they would only accept a plea to both counts of the indictment with sentencing to be left to the court. Supreme Court then informed defendant that he could be sentenced to a determinate sentence of between one and nine years and that, whether convicted upon his plea or following a jury verdict, he would not be sentenced to the maximum sentence of nine years. In light of Supreme Court's representation, as well as the fact that the two sales involved small quantities of drugs and were in close temporal proximity, we find that the sentence imposed here is unduly severe and should be modified by directing that the five-year sentences run concurrently to one another (*see People v Holmes*, 304 AD2d at 1045; *People v Harris*, 288 AD2d at 619; *People v Sheppard*, 273 AD2d 498, 500 [2000], *lv denied* 95 NY2d 908 [2000]; *People v Davis*, 267 AD2d at 598-599; *People v Sturgis*, 202 AD2d 808, 810 [1994], *lv denied* 84 NY2d 833 [1994]).

Rose, Lahtinen, Kavanagh and Garry, JJ., concur. Ordered

that the judgment is modified, as a matter of discretion in the interest of justice, by directing that defendant's sentences shall run concurrently rather than consecutively, and, as so modified, affirmed.

