# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

904

KA 09-02106

PRESENT: SMITH, J.P., PERADOTTO, CARNI, LINDLEY, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                             MEMORANDUM AND ORDER

ADAN D. GONZALEZ, ALSO KNOWN AS ADAM
GONZALES, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (WILLIAM G. PIXLEY OF
COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NICOLE M. FANTIGROSSI OF
COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Monroe County (David D. Egan, J.), rendered September 18, 2008. The judgment convicted defendant, upon a jury verdict, of rape in the first degree, and sexual abuse in the first degree (three counts).

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon a jury verdict of one count of rape in the first degree (Penal Law § 130.35 [3]) and three counts of sexual abuse in the first degree (§ 130.65 [3]), defendant contends that he was denied effective assistance of counsel. Specifically, defendant contends that defense counsel failed to demand discovery of recorded jailhouse telephone conversations between defendant and various witnesses that allegedly undercut defendant's alibi defense and thus failed to conduct a proper investigation (*see* CPL 240.20). We reject that contention. Even if defense counsel had sought discovery of those recordings, we conclude that the People would not have been obligated to disclose them, and a defendant is not denied effective assistance of counsel based on defense counsel's failure to seek relief to which defendant is not entitled (*see generally People v Taylor*, 97 AD3d 1139, 1141). CPL 240.20 (1) (g) requires the prosecutor, upon a demand to produce by a defendant, to disclose to the defendant and make available for inspection or copying "[a]ny tapes or other electronic recordings *which the prosecutor intends to introduce at trial*" (emphasis added). Here, the recordings were not offered in evidence; rather, they were used only for impeachment purposes or to refresh the recollection of defendant's witnesses (*see People v Muller*, 72 AD3d 1329, 1335-1336, *lv denied* 15 NY3d 776; *People v Farmer*, 198 AD2d 805, 807, *lv denied* 83 NY2d 804; *see generally* CPL 240.20 [1] [g]). We note in any event

that, once the recordings were used for that purpose, defense counsel appropriately suggested during defendant's direct examination and argued in summation that defendant's recorded conversations could be interpreted as attempts by defendant to refresh the memories of defense witnesses and to prepare them for trial rather than attempts to fabricate an alibi.  Viewing the evidence, the law, and the circumstances of this case in totality and as of the time of the representation, we conclude that defense counsel provided meaningful representation (*see generally People v Baldi*, 54 NY2d 137, 147).

Finally, we conclude that the sentence is not unduly harsh or severe.

Entered:  October 5, 2012                          Frances E. Cafarell
                                                   Clerk of the Court