People v Fells (2021 NY Slip Op 06370)





People v Fells


2021 NY Slip Op 06370


Decided on November 17, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 17, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
ANGELA G. IANNACCI
WILLIAM G. FORD
DEBORAH A. DOWLING, JJ.


2019-09531
 (Ind. No. 1348/18)

[*1]The People of the State of New York, respondent,
v
Charles Fells, appellant.


Thomas A. Kenniff, Mineola, NY, for appellant.
Joyce A. Smith, Acting District Attorney, Mineola, NY (Jason R. Richards and John B. Latella of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Helene F. Gugerty, J.), rendered July 12, 2019, convicting him of assault in the second degree, criminal possession of a weapon in the fourth degree, and criminal possession of a controlled substance in the seventh degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's contention that he was deprived of the effective assistance of counsel is based, in part, on matter appearing on the record and, in part, on matter outside the record, and, thus, constitutes a "mixed claim of ineffective assistance" (People v Maxwell, 89 AD3d 1108, 1109; see People v Evans, 16 NY3d 571, 575 n 2). Since the defendant's claim of ineffective assistance of counsel cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety, and we decline to review the claim on this direct appeal (see People v Freeman, 93 AD3d 805, 806; People v Maxwell, 89 AD3d at 1109).
The defendant failed to preserve for appellate review his contention that the sentence imposed improperly penalized him for exercising his right to a jury trial, because he did not set forth the issue on the record at the time of sentencing (see People v Hurley, 75 NY2d 887, 888; People v Thompson, 119 AD3d 966, 968). In any event, this contention is without merit (see People v Cherry, 127 AD3d 879, 881; People v Romero, 101 AD3d 906, 907). Moreover, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
RIVERA, J.P., IANNACCI, FORD and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court