People v Porter (2022 NY Slip Op 06720)

People v Porter

2022 NY Slip Op 06720

Decided on November 23, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 23, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ROBERT J. MILLER
DEBORAH A. DOWLING
BARRY E. WARHIT, JJ.

2018-15054
 (Ind. No. 649/17)

[*1]The People of the State of New York, respondent,
v
Adrian Porter, appellant.

Patricia Pazner, New York, NY (Chelsea F. Lopez of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Nancy Fitzpatrick Talcott, and Theresa Yuan of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (John F. Zoll, J.), rendered December 5, 2018, convicting him of attempted murder in the second degree, criminal possession of a weapon in the second degree, assault in the second degree, and reckless endangerment in the first degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is modified, on the law and as a matter of discretion in the interest of justice, by vacating the imposition of mandatory surcharges and fees; as so modified, the judgment is affirmed.
The defendant was convicted, after a jury trial, of attempted murder in the second degree, criminal possession of a weapon in the second degree, assault in the second degree, and reckless endangerment in the first degree in connection with a shooting incident in Queens. At trial, two witnesses, including the complainant, identified the defendant as the shooter. The complainant testified that he knew the defendant as "Sonny."
The defendant contends that the Supreme Court should not have permitted the People to introduce into evidence a recording of a telephone call that he made while he was incarcerated at Rikers Island Correctional Facility, in which he identified himself as "Sonny," because the People did not disclose the recording until after defense counsel made his opening statement, in violation of CPL former 240.20(1)(g). However, contrary to the defendant's contention, the court providently exercised its discretion in declining to preclude the recording. CPL former 240.20(1)(g), which was in effect at the time of the defendant's trial, required the People, upon demand, to disclose to the defendant "[a]ny tapes or other electronic recordings which the prosecutor intends to introduce at trial, irrespective of whether such recording was made during the course of the criminal transaction" (People v Caussade, 162 AD2d 4, 11). Here, the record reflects that the People did not intend to introduce the recording into evidence at trial until after defense counsel made his opening statement, during which he argued, among other things, that the police "just assume[d] and speculate[d] that [the defendant] is Sonny." Therefore, the People did not violate their disclosure obligations under CPL former 240.20(1)(g) by failing to turn over the recording prior to trial (see People v Harleston, 139 AD3d 412; People v Farmer, 198 AD2d 805, 807; see also People v Muller, 72 AD3d 1329, 1335; People v Perry, 70 AD3d 1063, 1064). Moreover, the recording was properly provided to the [*2]defendant after defense counsel made his opening statement (see People v Farmer, 198 AD2d at 807), and there was no showing of bad faith on the part of the People which would warrant the extreme sanction of preclusion (see People v Jenkins, 284 AD2d 550, 551, affd 98 NY2d 280). Further, the probative value of the recording outweighed any prejudice to the defendant (see People v Chrisostome, 167 AD3d 644). The defendant's remaining contentions concerning the recording are without merit.
The defendant's contention that the Supreme Court erred in admitting into evidence the recording of a 911 emergency telephone call by the complainant's mother is without merit. The recording of the 911 call was properly admitted into evidence under the excited utterance and present sense impression exceptions to the hearsay rule, as the probative value of this evidence outweighed any prejudicial effect (see People v Chin, 148 AD3d 925; People v Wallace, 79 AD3d 1075, 1076; People v Carrenard, 56 AD3d 486, 487).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
However, as consented to by the People, we modify the judgment by vacating the surcharges and fees imposed on the defendant at sentencing (see CPL 420.35[2-a]; People v Danso, 208 AD3d 1363; People v Reid, 207 AD3d 664; People v Sevaughn G., 199 AD3d 936, 937; People v Dyshawn B., 196 AD3d 638).
BARROS, J.P., MILLER, DOWLING and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court