**Center for Appellate Litig. v New York County Dist. Attorney's Off.**

2024 NY Slip Op 31910(U)

June 3, 2024

Supreme Court, New York County

Docket Number: Index No. 451799/2023

Judge: Arlene P. Bluth

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | | | |
|---|---|---|---|
| PRESENT: | HON. ARLENE P. BLUTH | PART | 14 |
| | *Justice* | | |

--------------------------------------------------------------------------------X

CENTER FOR APPELLATE LITIGATION, MATTHEW BOVA

Petitioners,

- v -

NEW YORK COUNTY DISTRICT ATTORNEY'S OFFICE,

Respondent.

--------------------------------------------------------------------------------X

| INDEX NO. | 451799/2023 |
|---|---|
| MOTION DATE | 05/28/2024 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 1- 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 33, 34, 35

were read on this motion to/for                          ARTICLE 78 FOIL                          .

The petition to compel disclosure of records pursuant to the Freedom of Information Law ("FOIL") is denied.

**Background**

Petitioners seek materials related to a 2013 prosecution that resulted in a murder conviction of non-party Travis Woods following three hung juries. They complain that respondent denied access to all of the materials in the file, including witness statements, police reports and photographs. Petitioners insist that respondent's cited statutory exemptions under FOIL do not apply. They also question respondent's argument that it need not produce records that were previously provided to the criminal defendant's attorney (the criminal defendant is not a party to this case).

451799/2023   CENTER FOR APPELLATE LITIGATION ET AL vs. NEW YORK COUNTY DISTRICT ATTORNEY'S OFFICE
Motion No.  001

Page 1 of 6

[* 1]

After petitioners submitted their FOIL request in August 2022, respondent issued an initial determination in which it noted that the criminal defendant's case was still pending (NYSCEF Doc. No. 5). It also insisted that certain requests were protected as attorney work product (such as the communications of its attorneys) and that the statements of witnesses were protected by the public safety exemption. Respondent maintained that disclosing statements would also constitute an unwarranted invasion of personal privacy of these witnesses and potentially endanger them. It added that "This exemption is especially applicable in a case like this, where defendant, as part of a narcotics crew, shot and killed a person who interfered with narcotics trafficking" (*id*. at 3). After appeal, respondent adhered to its initial determination and cited these same exemptions (NYSCEF Doc. No. 7).

Respondent observes that in the instant petition, petitioners only focus on a subset of respondent's asserted exemptions from disclosure. It observes that petitioners did not contest exemptions for records protected under attorney work-product, that "rap-sheet" records of witnesses are exempt from disclosure and that respondent does not possess communications from the parole board. Respondents insist that petitioner's appeal was still pending and so disclosure of records would interfere with that proceeding, particularly items such as prosecutor's notes.

In reply, petitioners contend that the Appellate Division, First Department denied Mr. Woods' appeal and that he has subsequently filed an application for leave to appeal to the Court of Appeals. They insist that the fact that the appeal was pending when the FOIL request was initially made is not a sufficient argument either. Petitioners claim that respondent must identify which documents it believes are subject to this exemption.

**451799/2023 CENTER FOR APPELLATE LITIGATION ET AL vs. NEW YORK COUNTY DISTRICT ATTORNEY'S OFFICE Motion No. 001**

**Page 2 of 6**

[* 2]

Petitioners also observe that because of the age of this criminal case (Mr. Woods was convicted in 2013), not all records were disclosed to his attorneys as the criminal discovery laws were different. They also question respondent's assertion that there is a public safety or privacy reason to exempt certain documents from disclosure. Petitioners contend that respondent has not established why such exemption applies as the allegations are almost two decades old. They observe that the Constitution requires that exculpatory evidence be turn over and so any exculpatory evidence included in these documents must be turned over.

**Discussion**

"To promote open government and public accountability, FOIL imposes a broad duty on government agencies to make their records available to the public. The statute is based on the policy that the public is vested with an inherent right to know and that official secrecy is anathematic to our form of government. Consistent with the legislative declaration in Public Officers Law § 84, FOIL is liberally construed and its statutory exemptions narrowly interpreted. All records are presumptively available for public inspection and copying, unless the agency satisfies its burden of demonstrating that the material requested falls squarely within the ambit of one of the statutory exemptions. While FOIL exemptions are to be narrowly read, they must of course be given their natural and obvious meaning where such interpretation is consistent with the legislative intent and with the general purpose and manifest policy underlying FOIL" (*Abdur-Rashid v New York City Police Dept.*, 31 NY3d 217, 224-25, 76 NYS3d 460 [2018] [internal quotations and citation omitted]).

451799/2023   CENTER FOR APPELLATE LITIGATION ET AL vs. NEW YORK COUNTY DISTRICT ATTORNEY'S OFFICE Motion No. 001
Page 3 of 6

3 of 6

[* 3]

The Court denies the petition for many reasons. As an initial matter, this Court denies the petition on the ground that the criminal defendant's appeal is not exhausted. He is currently seeking leave to appeal the First Department's decision to the Court of Appeals. There are numerous cases that have held that "disclosure of any other trial evidence that would constitute a 'record' would interfere with respondent's handling of the appeal of the criminal conviction" (*Sideri v Off. of Dist. Atty., New York County*, 243 AD2d 423, 423 [1st Dept 1997] *lv. denied* 91 N.Y.2d 808, 669 N.Y.S.2d 261, 692 N.E.2d 130 [1998]); *see also Moreno v New York County Dist. Attorney's Off.*, 38 AD3d 358, 358, 832 NYS2d 183 [1st Dept 2007]).

Petitioner correctly notes that under *Lesher v Hynes* (19 NY3d 57, 945 NYS2d 214 [2012]), the agency must still meet its burden to articulate a basis for this exemption (the interference with enforcement proceedings). Respondent has done that here by noting that there is a pending appeal and that the requested records, such as witness statements, are directly at issue in that appeal. In this Court's view, *Lesher* does not stand for the proposition that respondent must explain how every single document applies to this exemption. As the Court of Appeals stated in *Lesher*, "The agency must identify the generic kinds of documents for which the exemption is claimed, and the generic risks posed by disclosure of these categories of documents" (*id*.). Respondent met its burden here.

Next, as respondent argues, petitioners (as Mr. Woods' new appellate counsel) cannot seek records that were already provided to the criminal defendant's attorney in his criminal trial "absent a showing that such documents are no longer available" (*Franklin v Keller*, 254 AD2d 83, 254 AD2d 83 [1st Dept 1998] [denying a FOIL request for witness statements where

451799/2023  CENTER FOR APPELLATE LITIGATION ET AL vs. NEW YORK COUNTY DISTRICT ATTORNEY'S OFFICE  Page 4 of 6
Motion No.  001

4 of 6

[* 4]

petitioner failed to show that he no longer had materials previously provided to his attorney]). The fact is that the vast majority of these documents were presumably provided to the criminal defendant at his trial. And petitioners, his new attorneys for the appeal, did not adequately explain why they did not (or cannot) obtain the records from the criminal defendant's prior counsel.

Moreover, the Court also finds that respondent's other claimed exemptions also compel the Court to deny the petition. These involve requested records related to witness statements and the Court agrees that the public-safety exemption under Public Officers Law § 87(2)(f) and the unwarranted invasion of personal privacy under Public Officers Law § 87(2)(f) both apply. While petitioners warn against blanket exemptions in murder cases (a well taken position), the fact is that according to respondent, the criminal defendant "was the enforcer for a drug crew running out of the King Towers housing project. He was initially convicted in 2008 for narcotics related counts in connection with a 2006 homicide. After two subsequent hung juries on the homicide and gun possession counts, defendant was convicted of those counts in the fourth trial in 2013 and sentenced to twenty-five years to life" (NYSCEF Doc. No. 7, n 4). In other words, Mr. Woods was initially convicted on serious drug charges and then eventually convicted for murder. That suggests that these exemptions apply here.

As the First Department had held "account must be taken of the chilling effect the release of such personal information to the general public would have on future witnesses to intentional murder from cooperating with the police, for fear that once they provide their contact information, the general public would have easy and permanent access to their whereabouts as

451799/2023   CENTER FOR APPELLATE LITIGATION ET AL vs. NEW YORK COUNTY DISTRICT          Page 5 of 6
ATTORNEY'S OFFICE
Motion No.  001

5 of 6

well as the information they provided during the investigation. We have held such redactions to be proper" (*Exoneration Initiative v New York City Police Dept.*, 114 AD3d 436, 439, 980 NYS2d 73 [1st Dept 2014]). This Court finds that public safety and the unwarranted invasion of personal privacy therefore compel the conclusion that disclosure is not warranted.

Accordingly, it is hereby

ADJUDGED that the petition is denied and this proceeding is dismissed without costs or disbursements.

| 6/3/2024 | | | | |
|---|---|---|---|---|
| **DATE** | | | **ARLENE P. BLUTH, J.S.C.** | |

| CHECK ONE: | X | CASE DISPOSED | | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | | GRANTED | X DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**451799/2023  CENTER FOR APPELLATE LITIGATION ET AL vs. NEW YORK COUNTY DISTRICT ATTORNEY'S OFFICE**
**Motion No.  001**

Page 6 of 6

6 of 6

[* 6]