THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ULYSSES SMITH, Appellant.

Third Department, April 22, 1982

### APPEARANCES OF COUNSEL

*W. Dennis Duggan* for appellant.

*Sol Greenberg, District Attorney (Ilene R. Bergman* of counsel), for respondent.

### OPINION OF THE COURT

LEVINE, J.

The two criminal sales of a controlled substance of which defendant stands convicted both occurred on July 2, 1979. Each sale was made to a police informant "wired for sound" by the police, who also undertook to witness the transaction by visual surveillance. The record discloses that although defendant and the informer were observed by the police when the first sale took place, the electronic monitoring device failed to fully record the voices of the participants. The monitoring device picked up the entire conversation during the second sale, but the officers lost direct visual contact at the time of that transaction. These evidentiary gaps, however, were filled by the testimony of the

informer as to defendant's participation in the sales and by the identification of defendant's voice by the monitoring police officer, each sharply attacked by the defense. To further bolster its case, the prosecution sought and obtained a direction from the court that defendant exhibit his voice to the jury for comparison with the voice on the tapes. It is this ruling and direction to defendant which forms his principal point on appeal. Relying on *People v Giglio* (74 AD2d 348), defendant contends that requiring him to furnish an exemplar of his voice without notice, a formal application for a court order by the prosecution, and a hearing before the trial, violated his constitutional rights and the policy of the State as expressed in the Criminal Procedure Law's provisions enabling a prosecutor to obtain pretrial discovery of identification evidence (CPL 240.40, 240.90, subd 1).

*People v Giglio* involved an appeal from a contempt conviction based upon the defendant's refusal to obey a court order to furnish a recorded exemplar of his voice during a prior criminal trial. The contempt conviction was reversed on the ground that the trial court's order to furnish the voice exemplar without pretrial notice and a hearing violated defendant's rights to procedural due process. *Giglio* is somewhat distinguishable from the instant case inasmuch as it deals with the prosecution's attempt to obtain a recorded sample of a defendant's voice for introduction at the trial without employing the pretrial procedures available for obtaining that evidence. However, to the extent that *Giglio* stands for the proposition that a defendant is constitutionally entitled to prior notice, formal application, and a hearing before he may be compelled to exhibit his voice to a criminal trial jury, we respectfully decline to follow its authority.

We begin with the now well-established principle that a person's voice, in contrast to the content of what is said, is merely an identifying physical characteristic, similar to one's physical appearance, handwriting, fingerprints, or sample of one's blood or hair, and that compelling a criminal defendant to speak solely for the purpose of physical identification of his voice (precisely as used here) does not violate the privilege against self incrimination (*United*

*States v Dionisio,* 410 US 1, 6-7; *Gilbert v California,* 388 US 263, 266-267; *United States v Wade,* 388 US 218, 222-223). However, since all such evidence of identifying physical characteristics are thus deemed to be physical evidence, obtaining them from and admitting them as evidence against an accused in a criminal proceeding are subject to the Fourth Amendment's prohibition against unreasonable searches and seizures (*United States v Dionisio, supra,* p 8). Two Fourth Amendment issues are presented in such cases: the first concerns the right to exercise control (seizure) of the person in order to obtain the evidence from him, and the second concerns the right to obtain the specific identifying evidence itself (*United States v Dionisio, supra; Schmerber v California,* 384 US 757, 767). Regarding the second issue, *Dionisio* establishes that seizure of a voice exemplar "does not involve the 'severe, though brief, intrusion upon cherished personal security' ", or any "intrusion into the body", and, therefore, like the seizure of fingerprints or handwriting, does not itself impinge upon any interest protected by the Fourth Amendment (410 US 1, 14, 15, *supra*). Regarding the first issue, the validity of the "seizure" of defendant's person for purposes of obtaining a sample of his voice at the trial was satisfied here by his arrest, indictment, and presence in court. Lawful custody, even on an unrelated charge, is sufficient to justify a seizure of the defendant's person to obtain physically identifying evidence (*United States v Sechrist,* 640 F2d 81; *United States v Sanders,* 477 F2d 112, cert den 414 US 870).

The absence of any infringement of defendant's Fourth or Fifth Amendment rights should be dispositive of defendant's contention that being forced to utter words, in the absence of notice and a hearing, constituted a denial of procedural due process. Procedural due process does not apply in the abstract to any untoward or adverse effects visited upon an individual by the State. There must be an identified and valid liberty or property interest that is endangered (*Meachum v Fano,* 427 US 215, 223-224; *Board of Regents v Roth,* 408 US 564, 570-571). Defendant has not identified any liberty interest which was at stake in being forced to exhibit his voice to the jury, apart from those

under the Fourth and Fifth Amendments which we have concluded do not apply here.* This being so, no further inquiry was required concerning the reasonableness of the prosecution's request that the defendant furnish relevant evidence concerning his vocal characteristics (*United States v Dionisio, supra,* p 16). As stated in *United States v Franks* (511 F2d 25, 32, cert den 422 US 1042): "We reject [defendant's] attempt to limit *Dionisio* to the grand jury context in that, so long as the underlying seizure of the person is proper, requiring that person to submit voice exemplars violates no constitutional right." This case thus involves nothing more than the kind of nonintrusive order to engage in various acts in the courtroom for identification purposes which have long been upheld in this State and other jurisdictions (see *People v Sanders,* 58 AD2d 525; *United States v Gaines,* 450 F2d 186, 195-196, cert den 405 US 927; *United States v Boatwright,* 425 F Supp 747, 752-753; *State v LaCoste,* 256 La 697 [voice identification]; *State v Spain,* 27 Ariz App 752 [voice identification]; *People v McGowan,* 269 Cal App 2d 740).

The only procedural due process question that can remain is whether, in its context and under the procedures used, compelling defendant to speak denied him a fair trial. We find no such denial on the record presented here. The content of what defendant was required to say was totally innocuous and unrelated to any of the factual issues in the case. Defense counsel concurred in the procedures used to obtain the sample of defendant's voice and interposed nothing more than a general objection to the order compelling defendant to speak. Since direct speech and not a recording was involved, no continuance of the trial for

---

* To be sure, if the right to "seize" defendant's person had not already been established, or if the "seizure" of the evidence sought involved an invasion of defendant's personal dignity or intrusion into his body, procedural due process would have required notice and a hearing. It is significant that in each of the cases relied upon in *People v Giglio* (74 AD2d 348, 355, *supra*) as authority for requiring notice and a hearing, either the person from whom the evidence was sought was not then yet the subject of a pending criminal charge (*Matter of Erlbaum v Gold,* 49 AD2d 594; *Matter of District Attorney of Kings County v Angelo G.,* 48 AD2d 576, app dsmd 38 NY2d 923) or the identifying evidence sought required a physical intrusion or significant invasion of privacy not present here (*Matter of Barber v Rubin,* 72 AD2d 347; *People v Vega,* 51 AD2d 33). These authorities are, therefore, completely distinguishable from the instant case.

purposes of testing the exemplar or obtaining comparison samples was necessary, and defendant did not seek a continuance for any such purpose. Nor did requiring defendant to furnish a sample of his vocal characteristics infringe upon his right not to testify, amply covered in the court's charge to the jury. Likewise, the District Attorney was not compelled to avail himself of pretrial discovery procedures for obtaining a sample of defendant's voice.

Defendant's remaining points on appeal are clearly without merit.

The judgment should be affirmed.

MAHONEY, P. J., SWEENEY, CASEY and MIKOLL, JJ., concur.

Judgment affirmed.