OPINION OF THE COURT
Karen K. Peters, J.
In July 1989, Henry C. (Mr.), petitioner in the above-referenced action, filed a petition requesting an order of visitation with his two children, Henry C. Jr. and Kelly Ann. Mr., who is presently incarcerated at Coxsackie Correctional Facility, Coxsackie, New York, alleged that he was the biological father of both children and that an order of visitation was in the best *1081 interest of the children "to establish and reinforce parental guidance and support in times of possible physical and emotional abuse and to act in the interest and love of the children.”
Respondent did not oppose all visitation between the children and Mr. but did wish certain limitations placed upon his contact with the children. During the pendency of this action, a temporary order has been in force, granting Mr. limited visitation rights with the children at the correctional facility in which he is located.
Mr. Jack Weiner has served as Law Guardian for these children since the commencement of this action.
A hearing on visitation is scheduled to be held on Monday, April 2, 1990. On February 26th, this court received a motion filed by the Law Guardian in which he requested an order requiring that the petitioner, Henry C., provide the court and counsel with samples of his handwriting to determine if he, in fact, authored certain documents, copies of which are appended to the notice of motion.
Counsel for the natural mother, Faith, respondent in the above-referenced action, does not oppose the requested relief. Counsel for Mr., petitioner in the action which is scheduled for trial, opposes the motion, alleging that the sections of the CPLR cited by the Law Guardian in support of his application are not supportive of his request. He further alleges that the case of People v Smith (86 AD2d 251) discusses the relevant constitutional inquiries with respect to the production of handwriting samples and that since the matter before this court is similar in nature, the court does not have "custody” over the petitioner such as would allow the compulsion of handwriting exemplars.
Secondly, counsel argues against the production of the handwriting samples, citing Matter of David M. v Dwyer (107 AD2d 884, 885 [1985]) which he contends stands for the principle that there must be a "clear indication” that the evidence sought " 'will supply substantial probative evidence’ ”. It is alleged that the Law Guardian has failed to demonstrate the conclusiveness or probative value of handwriting samples.
The issue of visitation is one in which this court must determine whether it is in the best interest of two young children to travel to a State correctional facility to visit their natural father. The documents appended to the Law Guard *1082 ian’s application, if proven to be authored by the natural father, certainly would cause the court to have concerns about granting visitation between these two children and Mr. in any setting. One of the documents which purports to be a birthday card sent to Kelly from "daddy” states, among other things, "Im telling you this because, Kelly, Im not yours or Henry real father. On day I’ll tell both you’s how I find out!” [sic]. As Mr. alleged that he was the biological father of both of these children and, as the sending of the birthday card with the representation to the effect that the individual signing the card is not really the child’s father can clearly cause emotional distress to the child, this court must find that determining the author of the document would be quite probative of the issue of best interest.
The second document purports to be a birthday and father’s day card which says, in part, "dad we dont love or miss you no more. We love Joe and want him has our daddy, so just stop bothering us. We dont want to ever see you again. Mom is right your no good and we both hate you” [sic]
It is well settled that in all civil actions discovery should be liberal. CPLR 3101 (a) specifically provides that there shall be full disclosure of all material and necessary evidence. The broad scope of discovery which is permitted in civil cases pursuant to the CPLR is subject to substantial expansion when the issue before the court concerns custody and/or visitation. Courts have consistently held that when the best interest.of the child is at stake, certain privileges such as the psychiatrist/patient privilege and social worker/client privilege may be deemed waived. (Perry v Fiumano, 61 AD2d 512.) Certainly, when a petitioner seeks the court’s relief in ensuring access to a child during his sojourn in the State correctional system it seems quite improvident for him to claim a privilege as to his handwriting.
This court realizes that the request being made does not require that the petitioner submit to any physical examination or provide samples of his blood or urine which may be considered more invasive. (Matter of Barber v Rubin, 72 AD2d 347; Matter of Abe A., 56 NY2d 288; Schmerber v California, 384 US 757.)
As noted by the court in Burgel v Burgel (141 AD2d 215), Fourth Amendment issues will not be considered by the court in cases involving custody.
For the above-referenced reasons, this court grants the Law *1083 Guardian’s request for an order requiring that the petitioner provide counsel with true samples of his handwriting. If the Law Guardian wishes the order to specifically require that the petitioner provide samples of his handwriting containing the words purportedly written by him, the Law Guardian may require same.