■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RUDY HAYES, Appellant.—Judgment of the Supreme Court, New York County (Leslie Crocker Snyder, J.), rendered January 15, 1987, convicting defendant after a jury trial of four counts of criminal sale of a controlled substance in the third degree and one count of criminal possession of a controlled substance in the second degree, and sentencing him to four concurrent, twelve and one-half to twenty-five year terms of imprisonment and a concurrent twelve and one-half year to life term, unanimously affirmed.

By order dated June 28, 1990, this court remitted this matter to the Supreme Court, New York County for a *Wade* hearing, and held the appeal in abeyance in the interim *(see, People v Hayes,* 162 AD2d 410).

The charges in this case arose out of four sales of small quantities of cocaine and the execution of a warrant on the day of the last sale at the apartment where all the sales took place. On March 13 and 27, 1986 defendant dealt with one undercover officer; on April 1 and 2, 1986 he dealt with another. When the warrant was executed defendant and four other men were taken into custody. Later the same night, the first undercover officer was asked to look at the five men and determine whether he recognized anyone. The undercover officer, who had not seen defendant since March 27, identified defendant as "J.D. Door" and Diogenes Valerio as "J.D. Long-hair". During the procedure the five men were confined, but not handcuffed, in a twenty-five by fifteen room.

We now affirm denial of defendant's motion to suppress. The identification procedure utilized in this case was not unnecessarily suggestive. Unlike the circumstances in *People v Gordon* (76 NY2d 595), defendant was not displayed to the undercover officer under circumstances that amounted to a one-on-one viewing. A formal lineup was not conducted, but the circumstances did not serve to unfairly single out defendant. Defendant was standing among a sufficient number of persons of similar appearance to ensure that the procedure was fair *(People v Ramos,* 170 AD2d 186). In reaching this conclusion, we note that the undercover officer had two prior contacts with defendant before the stationhouse proceeding. Thus the concern for suggestiveness is lessened *(People v Gissendanner,* 48 NY2d 543), even though the proceeding under review was not sufficiently contemporaneous or connected with those two prior contacts to constitute part of those prior contacts. *(People v Wharton,* 74 NY2d 921.)

We find no merit in defendant's remaining arguments. The court properly instructed the jury on the "drug factory" presumption (Penal Law § 220.25 [2]). All of the contraband was in open view, and defendant had license to move freely around the apartment. The apartment was sectioned by french doors, but "common sense makes it plain that one in 'close proximity' to a controlled substance need not be in the same room or in an alcove off the same room" *(People v Caban,* 90 Misc 2d 43, 46). The court did not abuse its discretion in declining to declare a mistrial after the prosecutor showed that defendant possessed two vials when arrested. The mistake was apparently inadvertent, and defendant took advantage of the proof to argue that he was a "user" who happened to be present when the warrant was executed. Concur—Ross, J. P., Carro, Wallach and Rubin, JJ.