■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHAWSHARNOL STOKES, Appellant. [625 NYS2d 11] —Judgment, Supreme Court, Bronx County (Fred Eggert, J.), rendered September 15, 1993, convicting defendant, after jury trial, of assault in the second degree, and sentencing him, as a second violent felony offender, to a term of 3½ to 7 years, unanimously affirmed.

The record supports defendant's contention that he was not present when certain venirepersons were questioned at sidebar regarding their ability to be fair and impartial. However, as none of the individuals in question served on the jury, any loss of opportunity by defendant to assess the verbal and subliminal responses of the individuals for indications of bias

or hostility cannot be said to have operated to defendant's prejudice, and reversal is not required *(People v Perez,* 196 AD2d 781, 783, *lv denied* 82 NY2d 900).

The initial references by the complainant to a prior uncharged crime were stricken from the record by the court, with instructions that the jury disregard them. As defendant did not object to the court's curative instructions, nor request any additional instruction, he has failed to preserve his current claim that the court's curative actions were inadequate *(People v Comer,* 73 NY2d 955).

As the initial references to the uncharged crime were inadvertent and stricken, and as defendant utilized the uncharged crime affirmatively in his defense centered on the complainant's alleged vengeful purpose, defendant may not now claim that the initial references impermissibly prejudiced him *(see, People v Hayes,* 175 AD2d 13, 14, *lv denied* 78 NY2d 1011). Further, the People properly elicited evidence to counter defendant's claim that the complainant "set him up", by introducing testimony that defendant was transferred from one prison unit to another in the general course of business, and not as a result of the complainant's alleged vengeful purpose *(see, People v Tarsia,* 50 NY2d 1, 8).

The prosecutor's summation comments regarding the uncharged crime constituted fair comment on the evidence and appropriate response to the defense summation. Concur—Ellerin, J. P., Kupferman, Ross, Asch and Tom, JJ.