■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DOUG STARKS, Appellant. [629 NYS2d 749] —Judgment, Supreme Court, New York County (Juanita Bing Newton, J.), rendered April 6, 1993, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of $4^1/_2$ to 9 years, unanimously affirmed.

The jury's verdict was neither based on insufficient evidence nor was it against the weight of the evidence. The drug sale was established beyond a reasonable doubt by testimony that defendant sold a small unknown object that the buyer took hold of but discarded seconds later upon arrival of the arresting officers, and which turned out to be a plastic bag containing cocaine. In this short time interval, the buyer could not have disposed of the object she purchased from defendant and bought drugs from somebody else.

In this post-*Antommarchi* case (*People v Antommarchi*, 80 NY2d 247), defendant was not prejudiced by his apparent absence from certain sidebar voir dire, because the prospective juror in question was not selected (*People v Stokes*, 214 AD2d 326). Moreover, since defense counsel was impassioned in his desire to peremptorily challenge this venireperson, whom he characterized as a "convicting juror", there is no conceivable possibility that defendant's presence at the sidebar would have

had any impact. In any event, the court substantially replicated the sidebar, *de novo*, in defendant's presence (*cf.*, *People v Favor*, 82 NY2d 254, 267-268).

Defendant's contentions concerning the written questions that were submitted by jurors, prescreened with the input of counsel, and then posed to witnesses by the court are totally unpreserved and not exempt from normal preservation requirements (*see*, *People v Stewart*, 81 NY2d 877, 878; *cf.*, *People v Ahmed*, 66 NY2d 307, 310), and we decline to review the issue in the interest of justice absent a showing that defendant was prejudiced by the court's failure to employ the safeguards he now suggests on appeal. The juror questions that the court permitted essentially bolstered the defense cross-examination by, for example, reinforcing the fact that defendant did not make any other sales and that other sellers were on the scene. In any event, were we to review the issue, we would find that the court's actions regarding jury questioning, although within the court's discretion, to be fraught with problems and not to be encouraged. Concur—Murphy, P. J., Wallach, Ross, Nardelli and Williams, JJ.