■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALBERT WALKER, Appellant. [697 NYS2d 248] —Judgment, Supreme Court, New York County (Bruce Allen, J.), rendered December 23, 1996, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 4½ to 9 years, unanimously affirmed.

The court's limited closure of the courtroom during the testimony of an undercover officer, under which family and friends of defendant were to be admitted, was proper. On appeal, defendant's sole complaint about this ruling is that by simply ruling, in conclusory fashion, that the People had met their burden, the court failed to set forth adequate findings of fact under *Waller v Georgia* (467 US 39). However, defense counsel's statements at the closure hearing, even if considered an objection to closure, addressed the sufficiency of the People's proof, not the sufficiency of the court's findings. Since defendant failed to make a timely objection, which would have permitted the court to rectify the situation instantly by making more detailed findings, defendant failed to preserve his present claim (*see*, CPL 470.05 [2]; *People v Martin*, 50 NY2d 1029, 1031), and we decline to review it in the interest of justice. Were we to review this claim, we would find that the court's findings, read in context, were "specific enough that a reviewing court can determine whether the closure order was properly entered" (*Press-Enterprise Co. v Superior Ct.*, 464 US 501, 510). Since the officer's testimony provided appropriate reasons for closure in an undercover sale case, notably the officer's ongoing undercover operations at the same location as that of defendant's arrest, the clear implication of the court's concise ruling is that it accepted those reasons as a basis for closure.

Defendant's challenge to the court's agency charge is unpreserved (*see*, *People v Whalen*, 59 NY2d 273, 280; *People v Gilchrist*, 239 AD2d 306, *lv denied* 91 NY2d 834), and we decline to review it in the interest of justice. Were we to review this claim, we would that the charge as a whole conveyed the correct principles. Concur—Sullivan, J. P., Nardelli, Williams, Rubin and Andrias, JJ.