■ The People of the State of New York, Respondent, v Jason P. Kinthiseng, Appellant. [705 NYS2d 733] —Appeal from a judgment of the County Court of Cortland County (Avery, Jr., J.), rendered April 15, 1999, convicting defendant upon his plea of guilty of the crimes of criminal possession of a controlled substance in the fifth degree and criminal sale of a controlled substance in the fifth degree.

Defendant was charged, under two indictments, with three counts of criminal sale of a controlled substance in the third degree, single counts of criminal possession of a controlled substance in the third and fourth degrees and two counts of criminally using drug paraphernalia in the second degree. Thereafter, defendant pleaded guilty to one count of criminal

sale of a controlled substance in the fifth degree and one count of criminal possession of a controlled substance in the fifth degree in full satisfaction of all counts contained in both indictments. Defendant's plea agreement was conditioned on defendant cooperating with the Cortland County Drug Task Force and in exchange for his cooperation, he would receive 2 to 6 years in prison for each count to be served concurrently. However, defendant was informed before accepting the plea agreement that unless he fully cooperated with the Drug Task Force he would not receive concurrent prison sentences. Prior to sentencing, the Drug Task Force informed County Court that defendant had failed to cooperate. Therefore, County Court imposed a sentence of 2 to 6 years in prison for each count to be served consecutively.

Defendant appeals his sentence contending that it was harsh and excessive. In light of the seriousness and extensiveness of defendant's crimes and the fact that defendant was fully apprised that he would not be sentenced to concurrent sentences if he failed to cooperate with the Drug Task Force, the sentence was not harsh and excessive (*see, People v Fernandez*, 263 AD2d 673, *lv denied* 94 NY2d 822). Finding no extraordinary circumstances, we decline to exercise our discretion to modify the sentence in the interest of justice (*see,* CPL 470.15 [6] [b]; *People v Marcano*, 265 AD2d 673).

Cardona, P. J., Mercure, Peters, Carpinello and Mugglin, JJ., concur. Ordered that the judgment is affirmed.