without him (*see, People v Epps*, 37 NY2d 343, *cert denied* 423 US 999; *see also, People v Parker*, 57 NY2d 136). In any event, the only proceeding conducted in defendant's absence that would normally have required his presence was a sidebar conference with a prospective juror, and defendant had previously made a valid waiver of his right to be present at such sidebars (*see, People v Keen*, 94 NY2d 533, 538-539). Concur— Sullivan, P. J., Nardelli, Williams and Mazzarelli, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD PARKER, Appellant. [731 NYS2d 17] —Judgment, Supreme Court, New York County (Richard Carruthers, J.), rendered January 26, 1998, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 4½ to 9 years, unanimously affirmed.

The jury's verdict was based on sufficient evidence. "The drug sale was established beyond a reasonable doubt by testimony that defendant sold a small unknown object that the buyer took hold of but discarded seconds later upon arrival of the arresting officer[ ], and which turned out to be a plastic bag containing cocaine. In this short time interval, the buyer could not have disposed of the object [he] purchased from defendant and bought drugs from someone else." (*People v Starks*, 216 AD2d 120, *affd* 88 NY2d 818.) Contrary to defendant's argument, the facts in the instant case are indistinguishable from those in *Starks*. Concur—Sullivan, P. J., Nardelli, Williams and Mazzarelli, JJ.