■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD CLAUDIO, Appellant. [740 NYS2d 213] —Judgment,

Supreme Court, Bronx County (William Donnino, J., on consolidation motion; Roger Hayes, J., at jury trial and sentence), rendered March 19, 1997, convicting defendant of criminal sale of a controlled substance in or near school grounds, and sentencing him, as a second felony offender, to a term of 5½ to 11 years, unanimously affirmed.

The motion court properly exercised its discretion in granting the People's motion to consolidate the two indictments pursuant to CPL 200.20 (2) (c) because the charged offenses were similar in law and thus joinable under that statute. Defendant has not established that he was actually prejudiced by the consolidation, and the fact the jury acquitted him of the charges under one indictment demonstrates that it was able to consider the evidence separately as it related to each count (*see, People v Streitferdt*, 169 AD2d 171, 176, *lv denied* 78 NY2d 1015).

The trial court properly exercised its discretion in denying defendant's mistrial motion, made when a police witness answered a question on cross-examination in a manner that allegedly suggested the existence of uncharged crime evidence that had previously been precluded by the court. The officer's answer was responsive to defense counsel's question and could not have caused any prejudice, particularly since defendant went on to make affirmative use of the precluded evidence and related testimony in support of his defense (*see, People v Stokes*, 214 AD2d 326, 327, *lv denied* 86 NY2d 741; *People v Hayes*, 175 AD2d 13, 14, *lv denied* 78 NY2d 1011). Defendant's remaining evidentiary claims are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would find no basis for reversal. Concur—Williams, P.J., Mazzarelli, Saxe, Lerner and Marlow, JJ.