■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD MONTCRIEFT, Appellant. [745 NYS2d 602] —Mercure, J. Appeal from a judgment of the County Court of Rensselaer County (McGrath, J.), rendered December 22, 2000, upon a verdict convicting defendant of the crimes of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the fifth degree.

Defendant's convictions arise out of his March 31, 2000 sale of cocaine to an individual and his possession of an additional quantity of cocaine weighing in excess of 500 milligrams, with intent to sell it (*see,* Penal Law § 220.06 [5]; § 220.16 [1]; § 220.39 [1]). County Court denied defendant youthful offender treatment and sentenced him to concurrent prison terms aggregating 4 to 12 years.

Initially, we are unpersuaded by defendant's challenges to the legal sufficiency of the trial evidence and the weight accorded it by the jury. Police Officer Mark Mason testified that, on the evening of March 31, 2000, he was on surveillance duty on Third Street between Congress and State Streets in the City of Troy, Rensselaer County, and observed the subject drug transaction through binoculars from a distance of approximately 25 to 30 feet. According to Mason, defendant was standing near a bus shelter in a very well lit area when a white male approached him. After the two had a brief conversation, defendant pointed toward a nearby park, the white man walked in that direction and defendant followed at a distance of approximately 30 feet. At a point almost directly in front of Mason, defendant reached into his left sleeve and pulled out a plastic baggie containing a white rocklike substance. Defendant then stopped at a park bench, sat down and appeared to

be going through the white objects in the plastic bag. The white man then came back and defendant handed him one of the pieces from the bag. Finally, the white man handed defendant money and then walked away.

When the transaction concluded, Mason radioed nearby police officers to apprehend the participants. The buyer, who had come in contact with no other individuals during the intervening period, was found to be in possession of a "small clear baggy containing a white rocklike substance," which subsequent chemical analysis established to be cocaine. Several other police officers approached defendant, who was at that time making his way to the bus stop. As the officers approached, defendant was observed placing a plastic object in or near his mouth and then throwing it behind him. A search of the area where the object had been thrown disclosed a plastic baggie containing 11 individually wrapped pieces of a white rocklike substance, which subsequent analysis established to be 870 milligrams of cocaine. A postarrest search of defendant's person revealed $342 in cash.

We conclude that, viewed in a light most favorable to the People (see, People v Harper, 75 NY2d 313, 316), the foregoing evidence provided a "valid line of reasoning and permissible inferences which could lead a rational person to the conclusion reached by the jury on the basis of the evidence at trial * * * and as a matter of law satisfy the proof and burden requirements for every element of the crime[s] charged" (People v Bleakley, 69 NY2d 490, 495 [citation omitted]; see, Penal Law § 10.00 [8]; § 220.00 [1]; People v Parker, 287 AD2d 276, 277, lv denied 97 NY2d 686; People v Brickle, 244 AD2d 700, 700-701, lv denied 91 NY2d 889; People v Leger, 157 AD2d 926, 927, lv denied 75 NY2d 921). In addition, viewing the evidence in a neutral light and according great deference to the jury's assessment of the credibility and demeanor of the witnesses, the jury's conclusion that defendant both sold and possessed cocaine was not against the weight of the evidence (see, CPL 470.15 [5]; People v Bleakley, supra at 495; People v Brickle, supra at 701).

Defendant's remaining contentions do not warrant extended discussion. First, defendant's challenge to County Court's circumstantial evidence charge is unpreserved for appellate review (see, CPL 470.05 [2]) and lacks merit in any event. Second, given defendant's past criminal history, his disruptive behavior in jail during trial, and his lack of remorse for his crimes, we are not persuaded that County Court abused its discretion in denying him youthful offender treatment or in

imposing a term of imprisonment that was within the permissible statutory range (*see, People v Hines*, 277 AD2d 504, 505, *lv denied* 96 NY2d 759; *People v Dolphy*, 257 AD2d 681, 685, *lv denied* 93 NY2d 872).

Cardona, P.J., Spain, Carpinello and Mugglin, JJ., concur. Ordered that the judgment is affirmed.