■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GABRIEL SOTO, Appellant. [747 NYS2d 359]

Defendant's conviction was not against the weight of the evidence (*see People v Bleakley*, 69 NY2d 490). Viewed as a whole, the evidence, including defendant's secretive behavior, clearly warranted the conclusion that the drugs recovered from the buyer were the same "small objects" that defendant had just been observed giving to the buyer in exchange for money.

We have considered and rejected defendant's remaining claims, including those contained in his pro se supplemental brief. Concur—Mazzarelli, J.P., Andrias, Buckley, Sullivan and Lerner, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN MOLINA, Appellant. [747 NYS2d 368]

The verdict was not against the weight of the evidence. Issues of credibility, including minor inconsistencies in testimony, were properly considered by jury and there is no basis upon which to disturb its determinations (*see People v Gaimari*, 176 NY 84, 94).

The court properly employed a screening procedure to control access to the courtroom during the testimony of the undercover officer. The testimony at the *Hinton* hearing was sufficiently particularized and established a substantial probability that the officer's safety and effectiveness would be prejudiced by his testimony in an unrestricted courtroom (*see People v Jones*, 96 NY2d 213). Defendant's claim that the court failed to set forth adequate findings of fact to support its ruling is unpreserved and we decline to review it in the interest of justice. Were we to review this claim, we would find that the court's ruling implicitly adopted the People's particularized showing (*see People v Walker*, 265 AD2d 192, *lv denied* 94 NY2d 831). Concur—Mazzarelli, J.P., Andrias, Buckley, Sullivan and Lerner, JJ.