■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KAREAME HOLMES, Appellant. [758 NYS2d 212] —Spain, J. Appeal from a judgment of the County Court of Schenectady County (Catena, J.), rendered January 3, 2002, upon a verdict convicting defendant of the crimes of criminal sale of a controlled substance in the third degree (two counts), criminal possession of a controlled substance in the third degree (two counts) and criminal possession of a controlled substance in the seventh degree (two counts).

Defendant appeals, initially contending that the jury verdict was against the weight of the evidence. Defendant's convictions of two counts each of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree are based on two, separate incidents which occurred approximately three weeks apart, on October 4, 2000 and October 26, 2000. The first involved an undercover State Trooper who solicited crack cocaine from a woman who later testified at trial that, in exchange for crack for her personal use, she was selling crack for defendant. This female accomplice told the Trooper to wait and then approached defendant who was nearby on a mountain bike. The Trooper observed the female accomplice converse with defendant and then saw him spit something out of his mouth and hand it to her. She then returned to the Trooper and handed him the crack cocaine in exchange for $30. The entire transaction was also observed by the Trooper's backup who was watching from his vehicle. The Troopers and the female accomplice all identified defendant at trial. The second incident occurred when another State Trooper and a confidential informant purchased $100 worth of crack cocaine directly

from defendant. Both the Trooper and the informant testified at trial and identified defendant. Scientific testimony established that the substances purchased in each drug transaction contained cocaine.

Here, corroborated eyewitness testimony established that on two independent occasions, defendant possessed and then sold crack cocaine. Defendant testified at trial, denying his participation in the drug transactions and providing uncorroborated alibis for the dates in question. After " 'weigh[ing] the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony' " (*People v Bleakley*, 69 NY2d 490, 495 [1987], quoting *People ex rel. MacCracken v Miller*, 291 NY 55, 62 [1943]) and "viewing the evidence in a neutral light and according great deference to the jury's assessment of the credibility and demeanor of the witnesses" (*People v Montcrieft*, 296 AD2d 718, 719 [2002], *lv denied* 99 NY2d 583 [2003]), we conclude that the verdict was not against the weight of the evidence (*see People v Lee*, 303 AD2d 840, 841 [2003]; *People v Senese*, 300 AD2d 754, 756 [2002]; *People v Montcrieft, supra*). Defendant's assertion that the female accomplice's testimony was incredible because she was testifying in exchange for a plea bargain is unpersuasive inasmuch as her testimony was corroborated by two State Troopers; the jury, apprised of her personal interest, had the opportunity to assess her credibility (*see People v Howard*, 299 AD2d 647, 648 [2002]; *People v Young [Hoe] [Naheem]*, 296 AD2d 588, 592 [2002], *lv denied* 99 NY2d 536, 538, 541 [2002]).

Next, we reject defendant's contention that he was entitled to pretrial notice of the People's intention to compel him to display his tattoo of the name "Polo" for the jury, which he was directed to do at trial after both the female accomplice and the confidential informant testified to knowing defendant by that name. Defendant relies on CPL 240.40, which permits nontestimonial evidence to be procured through pretrial discovery but, contrary to defendant's contentions, contains no statutory mandate that the People use the discovery process or otherwise give pretrial notice of their intention to request such evidence (*see* CPL 240.40 [2] [b]; *People v Smith*, 86 AD2d 251, 255 [1982]). Defendant did not assert any violation of his constitutional rights (*see People v Shannon*, 137 AD2d 850, 851 [1988], *lv denied* 72 NY2d 866 [1988]; *People v Smith, supra* at 253) or provide any other compelling authority for his contention that County Court erred in ordering him to display the tattoo.

Finally, we turn to defendant's challenge to his sentence as

harsh and excessive. With regard to his convictions related to the October 4, 2000 transaction, defendant was sentenced to concurrent terms of 10 to 20 years upon the criminal sale of a controlled substance in the third degree conviction, 10 to 20 years upon the criminal possession of a controlled substance in the third degree conviction and one year upon the criminal possession of a controlled substance in the seventh degree conviction. Defendant was sentenced to identical concurrent terms on his convictions related to the events of October 26, 2000, with those sentences to run consecutively to those imposed for the crimes related to the events of October 4, 2000, resulting in an aggregate sentence of 20 to 40 years' imprisonment.

The sentences imposed for defendant's class B felony convictions were within the statutory parameters for a second felony offender such as defendant (*see* Penal Law § 70.06 [3] [b]) and, given that the transactions involved different buyers and occurred on different days, we cannot say that County Court erred in imposing consecutive sentences (*see People v Kinthiseng*, 271 AD2d 762, 763 [2000]; *People v Moore*, 270 AD2d 715, 716 [2000], *lv denied* 95 NY2d 800 [2000]). We nevertheless exercise our plenary authority to modify the sentence in the interest of justice (*see* CPL 470.15 [6] [b]; *People v Delgado*, 80 NY2d 780, 783 [1992]; *People v Saunders*, 261 AD2d 718, 721-722 [1999], *lv denied* 94 NY2d 829 [1999]). Defendant's prior felony convictions were nonviolent felonies, these were his first felony drug convictions and the People initially offered him a sentence of 4½ to 9 years in satisfaction of both indictments in exchange for a guilty plea. We note as well that, at the time of his arrest, defendant had custody of his five children and was working 60 hours a week—holding two jobs—to support them. Under all of the circumstances presented, in our view, the sentence imposed here, based on two street sales in close temporal proximity, is unduly severe (*cf. People v Spann*, 287 AD2d 880, 880 [2001]; *People v Coleman*, 281 AD2d 653, 654 [2001]; *People v Davis*, 267 AD2d 597, 598 [1999]). Accordingly, the sentences on each indictment should run concurrently, yielding an aggregate sentence of 10 to 20 years.

Mercure, J.P., Crew III, Rose and Kane, JJ., concur. Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by directing that the prison sentences imposed on defendant be served concurrently rather than consecutively, thereby reducing defendant's aggregate prison sentence from a term of 20 to 40 years to a term of 10 to 20 years, and, as so modified, affirmed.