■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES PARKER, Appellant. [758 NYS2d 845] —Rose, J. Appeal from a judgment of the County Court of Schenectady County (Eidens, J.), rendered May 2, 2001, upon a verdict convicting defendant of the crimes of criminal mischief in the second degree and criminal mischief in the third degree.

Defendant was indicted as a result of damage he caused to vehicles owned by Ehren Walrath and another person. Following a jury trial, at which Walrath testified that he saw defendant strike his vehicle with what appeared to be a pipe, defen-

dant was found guilty of criminal mischief in the second degree and criminal mischief in the third degree and sentenced to concurrent prison terms of 2⅓ to 7 years and 1⅓ to 4 years, respectively.

On appeal, defendant contends that he was denied meaningful representation because his counsel did not adequately cross-examine Walrath, make certain objections and move to set aside the verdict. He does not show, however, that his counsel's acts and omissions were inconsistent with a competent legal strategy or "seriously compromise[d] [his] right to a fair trial" (*People v Hobot*, 84 NY2d 1021, 1022 [1995]; *see People v Benevento*, 91 NY2d 708, 712 [1998]; *People v Alston*, 298 AD2d 702, 704 [2002]). Considering counsel's conduct of the defense as a whole, defendant was not denied meaningful representation (*see People v Wright*, 297 AD2d 875, 875 [2002]; *People v Curry*, 294 AD2d 608, 611 [2002], *lv denied* 98 NY2d 674 [2002]). Nor has defendant shown how the prosecutor's use of allegedly leading and bolstering questions constituted prosecutorial misconduct or substantially prejudiced him (*see People v Coleman*, 296 AD2d 766, 768 [2002], *lv denied* 99 NY2d 534 [2002]; *People v Grajales*, 294 AD2d 657, 658 [2002]).

Next, while defendant asserts that the identification testimony of Walrath and two other witnesses was ambiguous, we need note only that the jury apparently credited Walrath's eyewitness identification and rejected defendant's assertion that a younger man residing with him could have been the perpetrator. Under the circumstances, any conflict in the evidence regarding identification merely created credibility issues, and the jury's resolution of those issues must be accorded great deference (*see People v Bates*, 299 AD2d 727, 728 [2002]; *People v Montcrieft*, 296 AD2d 718, 719 [2002], *lv denied* 98 NY2d 770 [2002]). With that in mind, we are satisfied that the verdict was not against the weight of the evidence (*see People v Hawes*, 298 AD2d 706, 709 [2002]; *People v Bailey*, 295 AD2d 632, 634 [2002], *lv denied* 98 NY2d 766 [2002]).

Finally, defendant contends that his sentence, which is the maximum permissible (*see* Penal Law § 70.00 [2] [d], [e]; [3] [b]), is harsh and excessive because he had no prior felony arrests or convictions. While this may be true, defendant had been convicted of various other offenses, including harassment and criminal mischief in 1991, endangering the welfare of a child in 1996 and menacing, reckless endangerment and obstructing governmental administration in 1997. County Court, noting that the relatively light sentences defendant had received on these prior convictions failed to deter him from fur-

ther criminal behavior, did not abuse its discretion in sentencing, and we find no extraordinary circumstances warranting a reduction (*see People v Smith*, 300 AD2d 745, 746 [2002]; *People v Camaj*, 299 AD2d 595, 597 [2002]).

Cardona, P.J., Mercure, Peters and Carpinello, JJ., concur. Ordered that the judgment is affirmed.