THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HENRY BOLDEN, Appellant. [775 NYS2d 135]—

Judgment, Supreme Court, New York County (Michael J. Obus, J.), rendered November 22, 2002, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 4½ to 9 years, unanimously affirmed.

The verdict was based upon sufficient evidence and was not against the weight of the evidence. This Court has repeatedly upheld observation sale convictions where, as here, the observing officer was unable to identify a small object placed in a buyer's hand in exchange for currency, but drugs were recovered from the buyer shortly thereafter (*see e.g. People v Soto,* 297 AD2d 601, *lv denied* 99 NY2d 564 [2002]; *People v Parker,* 287 AD2d 276 [2001], *lv denied* 97 NY2d 686 [2001]; *People v Starks,* 216 AD2d 120 [1995], *affd* 88 NY2d 18 [1996]; *cf. People v Graham,* 211 AD2d 55 [1995], *lv denied* 86 NY2d 795 [1995] [analogous inferences in probable cause context]).

The court properly exercised its discretion in admitting, with suitable limiting instructions, brief expert testimony describing street-level narcotics sales, which was relevant to explain the fact that no drugs were recovered from defendant. There was an adequate factual basis for this testimony, since defendant's interaction with another person warranted an inference that this person was defendant's accomplice (*see People v Smith,* 2 NY3d 8 [2004]; *People v Brown,* 97 NY2d 500, 506-507 [2002]). Concur—Andrias, J.P., Williams, Friedman, Marlow and Gonzalez, JJ.