■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RYAN DOSTER, Appellant. [786 NYS2d 166]—

Judgment, Supreme Court, New York County (Bruce Allen, J.), rendered March 3, 2003, convicting defendant, after a jury

trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 4½ to 9 years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence (*see People v Bleakley*, 69 NY2d 490 [1987]). The evidence, particularly with regard to the timing of defendant's actions in relation to the other circumstances of the drug transaction, warrants the conclusion the unidentified object that defendant handed to a woman was the packet of drugs that the woman handed to the undercover officer in return for the money he had given her moments earlier (*see People v Addison*, 259 AD2d 417 [1999], *lv denied* 93 NY2d 965 [1999]; *cf. People v Bolden*, 6 AD3d 315 [2004], *lv denied* 3 NY3d 637 [2004]).

During the undercover officer's testimony, the court properly employed a narrowly tailored closure of the courtroom, consisting of a screening and identification procedure for potential spectators other than defendant's family (*see People v Jones*, 96 NY2d 213 [2001]). On appeal, defendant's sole complaint about this ruling is that the court failed to set forth adequate findings of fact under *Waller v Georgia* (467 US 39 [1984]). However, since defendant failed to make a timely objection, which would have permitted the court to rectify the situation instantly by making express findings, he failed to preserve his present claim (*People v Walker*, 265 AD2d 192 [1999], *lv denied* 94 NY2d 831 [1999]), and we decline to review it in the interest of justice. Were we to review this claim, we would find that the court's ruling "implicitly adopted the People's particularized showing" (*People v Molina*, 297 AD2d 601 [2002], *lv denied* 98 NY2d 770 [2002]) and, read in context, was "specific enough that a reviewing court can determine whether the closure order was properly entered" (*Press-Enterprise Co. v Superior Ct. of Cal., Riverside County*, 464 US 501, 510 [1984]). The officer's testimony established an overriding interest warranting closure in an undercover sale case. Concur—Buckley, P.J., Ellerin, Lerner, Marlow and Catterson, JJ.