■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOVAN MONTGOMERY, Appellant. [788 NYS2d 524]—

Kane, J. Appeal from a judgment of the Supreme Court (Teresi, J.), rendered May 22, 2003 in Albany County, upon a verdict convicting defendant of the crime of criminal sale of a

controlled substance in the third degree and of the violation of unlawful possession of marihuana.

The evidence supports the jury's verdict that defendant was an accomplice in the sale of heroin to a confidential informant. The informant testified that when he approached defendant on the street and inquired about purchasing heroin, defendant directed him to the seller down the street, indicating that she was holding defendant's drugs. After the informant proceeded to the seller, he told her that defendant had directed him to the seller and that she had "his stuff." The seller confirmed that she had defendant's heroin and sold some to the informant. In response to a request for marihuana, the seller stated that defendant had marihuana for sale. As the informant walked away from the seller he passed defendant, who asked whether the informant was "straight." The informant confirmed the purchase, then left the scene and met with police officers. The informant's testimony was corroborated by that of the seller, the police officers who directly observed the transaction and a tape recording of the controlled buy, which was admitted into evidence.

Contrary to the People's proof, defendant testified that he did not know the seller, did not see or speak to the informant and never sold drugs. Police acknowledged that defendant did not possess any heroin or the buy money at the time of his arrest, but he did possess marihuana and almost $350 in varying denominations, including over 30 one-dollar bills. Defendant admitted that he possessed marihuana and claimed that the money was from checks he cashed five days earlier. Based on the contradictory evidence, and according great deference to the jury's credibility determinations (*see People v Holmes*, 304 AD2d 1043, 1044 [2003], *lv denied* 100 NY2d 642 [2003]), we must examine all the evidence in a neutral light and " 'weigh the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony' " (*People v Bleakley*, 69 NY2d 490, 495 [1987], quoting *People ex rel. MacCracken v Miller*, 291 NY 55, 62 [1943]). Under that standard, the weight of the evidence supports the jury's verdict that defendant was acting as the seller's accomplice by steering prospective buyers to her to engage in drug sales (*see People v Bello*, 92 NY2d 523, 526 [1998]; *People v Beverly*, 5 AD3d 862, 865 [2004], *lvs denied* 2 NY3d 796, 804 [2004]).

Although this was defendant's first arrest, the prison sentence of 5 to 15 years was not harsh or excessive based on defendant's refusal to acknowledge his participation in street drug sales and

his conviction on a weapons charge after the arrest on the instant charges (*see People v Kitchings*, 239 AD2d 665 [1997], *lv denied* 90 NY2d 860 [1997]).

Mercure, J.P., Spain, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.