■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARNELL RICHARDSON, Also Known as TONY STEVENS, True Name ANTHONY DARNELL STEVENS, Appellant. [795 NYS2d 181]—

Judgment, Supreme Court, New York County (John E.H. Stackhouse, J.), rendered December 20, 2000, convicting defendant, after a jury trial, of criminal sale of a controlled substance in or near school grounds, criminal sale of a controlled substance in the third degree, and criminal possession of a controlled substance in the seventh degree, and sentencing him, as a

second felony offender, to concurrent terms of 6 to 12 years, 6 to 12 years and 1 year, respectively, unanimously affirmed.

The court properly exercised its discretion when it permitted the undercover officer to give limited testimony regarding street-level drug operations, since this evidence was relevant to an issue raised by defendant concerning the failure of the police to recover the buy money (*see People v Brown*, 97 NY2d 500, 505-507 [2002]). Furthermore, there was a sufficient factual basis to conclude that defendant was not operating alone (*see People v Smith*, 2 NY3d 8, 12 [2004]; *People v Bolden*, 6 AD3d 315 [2004], *lv denied* 3 NY3d 637 [2004]). After agreeing to sell drugs to the undercover officer, defendant immediately made a phone call and went around a corner, and the sale, a few minutes later, occurred around the corner in the presence of a third man, who was later arrested when he was seen passing a pipe and drugs to defendant. Defendant's remaining arguments regarding the undercover officer's background testimony are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would find no basis for reversal.

The court properly exercised its discretion in permitting inquiry by the prosecutor about defendant's use of aliases notwithstanding that this subject was not addressed at the *Sandoval* hearing (*see People v Walker*, 83 NY2d 455, 462-464 [1994]; *People v Brazeau*, 304 AD2d 254, 256 [2003], *lv denied* 100 NY2d 579 [2003]). In any event, defendant opened the door to such evidence when, during his testimony, he created an issue about a discrepancy between his true name and the name under which he was being prosecuted.

Defendant's present objections to the court's agency charge are unpreserved and we decline to review them in the interest of justice. Contrary to defendant's assertion, there is no evidence that the transcript of his objections was lost. The record supports the conclusion only that defense counsel made objections at an unrecorded colloquy, but failed to place the substance of those objections on the record (*see People v Kinchen*, 60 NY2d 772 [1983]). Were we to reach this issue, we would find that the court's charge, taken as a whole, conveyed the proper standard to be applied by the jury in evaluating the agency defense (*see People v Samuels*, 99 NY2d 20, 25 [2002]; *People v Ladd*, 89 NY2d 893, 895 [1996]).

We decline to invoke our interest of justice jurisdiction to dismiss the noninclusory concurrent count (*see People v Spence*, 290 AD2d 223 [2002], *lv denied* 98 NY2d 641 [2002]; *People v Kulakov*, 278 AD2d 519 [2000], *lv denied* 96 NY2d 785 [2001]).

We perceive no basis for reducing the sentence. Concur—Mazzarelli, J.P., Andrias, Friedman, Sweeny and Catterson, JJ.