■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TROY MANNING, Appellant. [912 NYS2d 183]—

Judgment, Supreme Court, New York County (Edward J. McLaughlin, J.), rendered April 7, 2009, convicting defendant, after a jury trial, of two counts of criminal sale of a controlled substance in the first degree, five counts of criminal sale of a controlled substance in the second degree, and 11 counts of criminal sale of marijuana in the second degree, and sentencing him, as a second felony drug offender, to an aggregate term of 42 years, unanimously modified, as a matter of discretion in the interest of justice, to the extent of reducing the sentences for the first-degree sale convictions from 24 years to 18 years and directing that all sentences run concurrently, resulting in a new aggregate term of 18 years, and otherwise affirmed.

The evidence at a *Hinton* hearing established an overriding interest that warranted a limited closure of the courtroom (*see Waller v Georgia*, 467 US 39 [1984]; *People v Ramos*, 90 NY2d 490, 497 [1997], *cert denied sub nom. Ayala v New York*, 522 US 1002 [1997]). The officer testified that he continued his undercover work in the specific area of defendant's alleged sales, and that in connection with his operations in that area he had open investigations, unidentified subjects, lost subjects and other cases pending in the courthouse. This demonstrated that his safety and effectiveness would be jeopardized by testifying in an open courtroom, and it satisfied the requirement of a particularized showing.

Even though defendant preserved his general claim that the courtroom should not have been closed, he did not preserve his

specific complaint that the court failed to set forth adequate findings of fact to justify closure. A separate contemporaneous objection was necessary because "a timely objection . . . would have permitted the court to rectify the situation instantly by making express findings" (*People v Doster*, 13 AD3d 114, 115 [2004], *lv denied* 4 NY3d 763 [2005]). Accordingly, we decline to review this claim in the interest of justice. As an alternative holding, we find that the court's ruling "implicitly adopted the People's particularized showing" and was "specific enough that a reviewing court can determine whether the closure order was properly entered" (*id.*).

Defendant also argues that the court failed to consider reasonable alternatives to closure. However, the closure only applied during the undercover officer's testimony, and the court stated it would permit defendant's family members to attend and would consider admitting other persons on an individual basis. This was adequate to satisfy the *Waller* requirement of considering alternatives to the exclusion of all spectators (*see Presley v Georgia*, 558 US —, —, 130 S Ct 721, 724 [2010]).

We find the sentence excessive to the extent indicated. Concur—Gonzalez, P.J., Mazzarelli, Nardelli, Renwick and DeGrasse, JJ.