■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KAREAME HOLMES, Appellant. [925 NYS2d 911]—

Spain, J.P. Appeal from a judgment of the County Court of Schenectady County (Catena, J.), rendered April 20, 2010, which resentenced defendant following his conviction of the crimes of criminal sale of a controlled substance in the third degree (two counts), criminal possession of a controlled substance in the third degree (two counts) and criminal possession of a controlled substance in the seventh degree (two counts).

In 2002, defendant was convicted of criminal sale of a controlled substance in the third degree (two counts), criminal possession of a controlled substance in the third degree (two counts) and criminal possession of a controlled substance in the seventh degree (two counts). He was thereafter sentenced to an aggregate prison term of 20 to 40 years. Upon appeal, this Court modified the judgment in the interest of justice, reducing the sentence to an aggregate term of 10 to 20 years in prison (*People v Holmes*, 304 AD2d 1043, 1045 [2003], *lv denied* 100 NY2d 642 [2003]). In 2009, defendant applied for resentencing pursuant to the Drug Law Reform Act of 2009 (L 2009, ch 56, as codified in CPL 440.46). In order to expedite the application process, de-

fendant thereafter agreed to waive certain rights provided him by the Drug Law Reform Act of 2009, in exchange for an aggregate resentence of 12 years in prison to be followed by three years of postrelease supervision. Pursuant to this agreement, defendant also waived his right to appeal. County Court thereafter vacated defendant's sentence and imposed the agreed-upon resentence. Defendant now appeals.

We affirm. Defendant's sole contention on appeal is that the agreed-upon resentence was harsh and excessive and should be reduced in the interest of justice. Inasmuch as the record reflects that defendant knowingly and intelligently waived his right to appeal his resentencing, his claim is precluded from our review (*see People v Lopez*, 6 NY3d 248, 256 [2006]).

Kavanagh, Stein, Garry and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.