■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEXTER DORNER, Appellant. [988 NYS2d 484]—

Judgment, Supreme Court, New York County (Herbert J. Adlerberg, J.H.O., at suppression hearing; Lewis Bart Stone, J., at suppression decision; Edward J. McLaughlin, J., at jury trial and sentencing), rendered February 1, 2011, convicting defendant of criminal sale of a controlled substance in or near school grounds and criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony drug offender, to concurrent terms of nine years, unanimously affirmed.

The verdict was based on legally sufficient evidence. In this observation sale case, the evidence warranted the conclusion that the drugs recovered from the buyer were the same objects that defendant had given to the buyer in return for money, only moments before (see e.g. People v Bolden, 6 AD3d 315 [2004], lv denied 3 NY3d 637 [2004]).

The court properly denied defendant's suppression motion. An officer saw a pattern of suspicious conduct that led him to a reasonable conclusion, based on his experience and training, that defendant and another man had just engaged in a drug transaction. This provided probable cause to arrest defendant (see People v Jones, 90 NY2d 835 [1997]; People v Schlaich, 218 AD2d 398 [1996], lv denied 88 NY2d 994 [1996]). Moreover, before arresting defendant, the police arrested the other man and found drugs in his possession.

Defendant's procedural challenge to his second felony drug offender adjudication requires preservation (see People v Samms, 95 NY2d 52, 57 [2000]), and we decline to review this unpreserved claim in the interest of justice. Concur—Gonzalez, P.J., Acosta, DeGrasse, Freedman and Richter, JJ.