■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMEL WILLIAMS, Appellant. [17 NYS3d 695]—

Judgment, Supreme Court, New York County (Ruth Pickholz, J.), rendered June 25, 2012, convicting defendant, after a jury trial, of murder in the second degree, robbery in the first degree (two counts), robbery in the second degree and burglary in the second degree (two counts), and sentencing him to an aggregate term of 18 years to life, unanimously affirmed.

The People established an overriding interest that warranted a courtroom closure that was limited to the exclusion of a single spectator during the testimony of a single witness (*see Waller v Georgia*, 467 US 39 [1984]). Contrary to defendant's arguments, the witness articulated a specific fear of testifying in the presence of defendant's brother, and we find that this fear justified the limited closure (*see People v Ming Li*, 91 NY2d 913, 917 [1998]; *see also People v Joseph*, 59 NY2d 496 [1983]). The trial court was in the best position to determine whether the witness' expression of fear rose to a level justifying the closure. We note that the court was aware of the brother's approach to a different witness. Although "a timely objection . . . would have permitted the court to rectify the situation instantly by making express findings" (*People v Doster*, 13 AD3d 114, 115 [2004], *lv denied* 4 NY3d 763 [2005]), defendant made no such objection, and thus did not preserve his complaint that the court failed to set forth express findings of fact to justify the exclusion of defendant's brother. Accordingly, we decline to review this claim in the interest of justice. As an alternative holding, we find that the court's ruling "implicitly adopted the People's particularized showing" and was "specific enough that a reviewing court can determine whether the closure order was properly entered" (*id.*; *see also People v Manning*, 78 AD3d 585, 586 [2010], *lv denied* 16 NY3d 861 [2011], *cert denied* 565 US —, 132 S Ct 268 [2011]).

The court properly exercised its discretion in denying defendant's mistrial motion, made after a juror reported possible premature deliberations. The court conducted thorough individual inquiries of the jurors, which established that there were no actual premature deliberations. There is no basis for disturbing the court's credibility determinations (*see People v Jamison*, 291 AD2d 298, 299 [1st Dept 2002], *lv denied* 98 NY2d 652 [2002]).

We perceive no basis for reducing the sentence. Concur—Friedman, J.P., Andrias, Saxe, Gische and Kapnick, JJ.