The People of the State of New York, Respondent,
against
Ernie Walton, Defendant-Appellant.



Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Alexander M. Tisch, J.), rendered October 30, 2014, convicting him, upon a plea of guilty, of violating Public Health Law § 3383(2), and imposing sentence.




Per Curiam.
Judgment of conviction (Alexander M. Tisch, J.), rendered October 30, 2014, affirmed.
In view of defendant's knowing waiver of his right to prosecution by information, the facial sufficiency of the accusatory instrument must be assessed under the pleading standard required of a misdemeanor complaint (see People v Dumay, 23 NY3d 518 [2014]). So viewed, the accusatory instrument, consisting of the complaint, supporting depositions and certified laboratory report, was jurisdictionally valid because it described facts of an evidentiary nature establishing reasonable cause to believe that defendant was guilty of possession of an imitation controlled substance with intent to sell (see Public Health Law § 3383[2]). For purposes of our threshold, pleading-stage inquiry, the "represented to be a controlled substance" element of the offense (Public Health Law § 3383[6]) was satisfied by allegations that the contraband sold by defendant consisted of a bag containing "loose resinous material" that the police officer, based upon his training and experience in the identification of drugs and their packaging, believed to be hashish (see Public Health Law § 3383[1][c]). A seller may "represent" that a substance is a controlled substance by its appearance and/or packaging, without the necessity of any oral or written representation (see People v Gonell, 7 Misc 3d 438, 440-442 [Crim Ct., New York County 2005]).
Contrary to defendant's further contention, the fact-finder could reasonably infer from the pleaded facts that the bag containing the imitation controlled substance recovered from the buyer was the same item that defendant had given buyer in return for money (see People v Dorner, 119 AD3d 404 [2014], lv denied 24 NY3d 1083 [2014]; People v Bolden, 6 AD3d 315 [2004], lv denied 3 NY3d 637 [2004]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.

I concur I concur I concur
Decision Date: June 21, 2018